31634. MARTIN *v.* THE STATE.

808

DECIDED OCTOBER 4, 1947.   REHEARING DENIED OCTOBER 21, 1947.

*Wesley R. Asinof, W. Paul Carpenter,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, J. W. LeCraw,* contra.

MacIntyre, P. J. The defendant contends that the lottery statute of 1877 (Ga. L. 1877, p. 112), is still the law in Georgia, and that the trial judge erred in sentencing him to serve on the public works without the alternative of paying a fine as provided in said statute.

The defendant maintains by argument that the legislature did not intend to change the penalty for carrying on a lottery from that provided in the act of 1877 (Ga. L. 1877, p. 112), and that the penalty was inadvertently or through oversight on the part of the codifiers omitted from the Code of 1895, § 409, Code of 1910, § 400, and Code of 1933, § 26-6502.

The defendant contends further that there is no conflict between the act of 1877 (Ga. L. 1877, p. 112), and the Code of 1895, § 409, Code of 1910, § 400, and Code of 1933, § 26-6502; that the last three stated Code sections are not inconsistent with Ga. L. 1877, p. 112, but are merely incomplete; that an act which is in irreconcilable conflict with another act or code section is to be distinguished from an act which sets forth the complete law and, when codified, a portion of the act is omitted; and that this distinction exists in this case.

We think that a conflict exists between the penalty provided in Ga. L. 1877, p. 112, and the penalty provided in the Code of 1895, § 409, and subsequent Codes for the offense of carrying on a lottery, but we are of the opinion that the legislature intended to change the penalty to conform to the penalties provided in the Code of 1933, § 26-6502, and § 27-2506.

"Where the codification is official and creates a true code, all matter contained in the code whether new or old has the effect of law." Sutherland Statutory Construction (3d ed.), § 3708. "A statute incorporated into a code is presumed to be incorporated without change even though it is reworded and rephrased and in the organization of the code its original sections are separated. Where, however, the legislative intent is clear that a change in the law is intended, the new provision prevails." Id., § 3709. "Where an official code purports to cover the entire field of regulation any prior law not included in the code is repealed. The

fact of noninclusion is sufficient to create the repeal and the law excluded need not be inconsistent with included material. Nor is it necessary that the code expressly repeal omitted materials. The repeal is an implied one resulting from the intent of the legislature to create a single, complete and exclusive body of law in substitution for all previous enactments." Id., § 3712. ". . Prior statutes relating to the same subject-matter are to be compared with the new provision; and if possible by reasonable construction, both are to be so construed that effect is given to every provision of each. Statutes in pari materia, although in apparent conflict, are so far as reasonably possible construed to be in harmony with each other. But if there is an irreconcilable conflict between the new provision and prior statutes relating to the same subject-matter, the former will control as it is the later expression of the legislature." Id., § 5201.

"The Code [1895] of laws designated and identified in the act was adopted and made of force as the Code of Georgia; not a part of the Code was then made of force, but the entire Code as compiled by the commissioners. . . . There is quite a difference between a code of laws for a State and a compilation in revised form of its statutes. The code is broader in its scope and more comprehensive in its purpose. Its general object is to embody as nearly as practicable all the law of a State, from whatever source derived. When properly adopted by the lawmaking power of a State, it has the same effect as one general act of the legislature containing all the provisions embraced in the volume that is thus adopted. It is more than evidentiary of the law; it is the law itself. . . Whenever the legislature, therefore, employs such words as 'adopting a code,' no other legitimate or reasonable construction can be given the language itself than an intention to enact and make of force as a statute every provision in the entire work which it has under consideration." *Central of Georgia Railway Company* v. *State,* 104 *Ga.* 831, 839 (31 S. E. 531, 42 L. R. A. 578). See, in this connection, *Hall* v. *Jeffreys-McElreath Co.,* 37 *Ga. App.* 581 (140 S. E. 910) ; *Maddox* v. *First National Bank of Jefferson,* 191 *Ga.* 106, 109 (11 S. E. 2d, 662).

". . No arbitrary and inflexible rule has been applied to the determination of whether or not an act or a part of an act omitted from the Code was repealed by the adoption of that book.

Probably no Procrustean rule can be announced on the subject. The general presumption is that the codifiers codified the laws existing, rather than made new ones. Some changes were undoubtedly made, and were adopted by the legislature. Some were apparently intentionally made, and some were so palpably changed that they negatived the idea of mere clerical omission, or would breed confusion and conflict with that which was omitted. In other instances it was held not to have been the intention of the legislature to change the law." *City of Cochran* v. *Lanfair*, 139 *Ga.* 249, 258 (77 S. E. 95).

Code of 1882, § 4310, provides: "Accessories after the fact, except where it is otherwise ordered in this Code, shall be punished by a fine not to exceed one thousand dollars, imprisonment not to exceed six months, to work in the chain-gang on the public works, or on such other works as the county authorities may employ the chain-gang, not to exceed twelve months, and any one or more of these punishments may be ordered in the discretion of the judge."

Code of 1882, § 4549 (b), which was codified from Ga. L. 1877, p. 112, provides: "It shall not be lawful for any person, or persons, either by themselves, servants, agents, employees, or others to keep, maintain, employ, or carry on any lottery in this State, or other scheme or device for the hazarding of any money or valuable thing: Provided, that nothing herein shall affect any of the laws now existing against gaming."

Code of 1882, § 4549 (d), which was likewise codified from Ga. L. 1877, p. 112, provides that any person offending against the provisions of the above section "shall be guilty of a misdemeanor, and, on conviction, shall be punished by a fine of not less than five hundred, nor more than one thousand dollars, or be imprisoned for a time not to exceed one year."

There are many sections in the Code of 1882 which provide that when a person violates the provisions of the section and is convicted he shall be punished as prescribed in § 4310 of such Code.

The act of November 27, 1895 (Ga. L. 1895, pp. 63-64), section 2, states: "Be it further enacted, That all ordinary misdemeanors (all instances in which the offender is now punished by fine and imprisonment, *fine or imprisonment,* imprisonment in the common

jail, or to work on the public works, or in a chain-gang, or by a fine, and all offenses now punished as prescribed in section 4310 of this Code) shall, from and after the passage of this act, be punished as prescribed in section 4310 of this Code." (Italics ours.)

Ga. L. 1895, pp. 63-64, in effect states not only that all offenses now punished as prescribed in the Code of 1882, § 4310, are misdemeanors and shall be punished as prescribed in the Code of 1882, § 4310, but such act of 1895 also "otherwise ordered" that in certain instances, one of which is where the offender is now punished by "fine or imprisonment" or both (the instant case being one of such instances), the offender is guilty of a misdemeanor and punishable as follows: "Accessories after the fact, except where it is otherwise ordered in this Code, shall be punished by a fine not to exceed one thousand dollars, imprisonment not to exceed six months, to work in the chain-gang on the public works, or on such other works as the county authorities may employ the chain-gang, not to exceed twelve months, and any one or more of these punishments may be ordered in the discretion of the judge. . ." This is the punishment prescribed in the Code of 1882, § 4310.

With the act of 1877 (Ga. L. 1877, p. 112), codified as §§ 4549 (b), 4549 (c), and 4549 (d) of the then existing Code of 1882, and the act of November 27, 1895 (Ga. L. 1895, pp. 63-64), before them, the codifiers of the Code of 1895 construed the two acts and found that insofar as they related to the punishment for the lottery now in question there was an irreconcilable conflict between the new provision of the act of 1895 (Ga. L. 1895, pp. 63-64), and the prior act of 1877 (Ga. L. 1877, p. 112). They determined that Ga. L. 1895, pp. 63-64, contained the later expression of the legislature and that the general repeal section, which provides that all laws or parts of laws in conflict with the act of 1895 were thereby repealed, became operative, and the part of the act of 1877 now in question was impliedly repealed. We think the codifiers correctly followed the intent of the legislature not only when they codified the Code of 1895, § 407, as follows: "No person, by himself, or another, shall keep, maintain, employ, or carry on any lottery in this State, or other scheme or device for the hazarding of any money or valuable thing," and provided in the Code of 1895, § 409, that any person offending against the

provisions of § 407 shall be guilty of a misdemeanor, but also when they codified the Code of 1895, § 1039, which fixed the punishment for such crime in the following language: "Every crime declared to be a misdemeanor is punishable by a fine not to exceed one thousand dollars, imprisonment not to exceed six months, to work in the chain-gang on the public works, or on such other works as the county authorities may employ the chain-gang, not to exceed twelve months, and any one or more of these punishments may be ordered in the discretion of the judge."

We are strengthened in our opinion that the codifiers followed the intent of the legislature because on December 16, 1895, less than a month later, the same legislature, in the same session, adopted the Code of 1895.

This, we think, in effect tends to show an approval of such act of the codifiers as stated above. Moreover, the first section of the act adopting the Code of 1895 is as follows: "Be it enacted by the General Assembly of the State of Georgia, That the Code of laws prepared under its authority by John L. Hopkins, Clifford Anderson, and Joseph R. Lamar, and revised, fully examined and identified by the certificate of its joint committee, and recommended and reported for adoption, and with the acts passed by the General Assembly of 1895 added thereto by the codifiers, be, and the same is hereby adopted and made of force as the Code of Georgia."

In Ga. L. 1908, p. 1119, the legislature seemed to recognize the Code of 1895, § 1039, as a proper codification of the law by expressly referring to it and amending it in one regard which in no way affected the contentions of the defendant.

Insofar as the punishment here involved is concerned, the penalty prescribed for the lottery in the Code of 1895, § 1039, as amended in Ga. L. 1908, p. 1119, is the same as that prescribed in the Code of 1910, § 1065, and the Code of 1933, § 27-2506. Both the Code of 1910, and the Code of 1933, were each adopted and made of force as Codes of Georgia by legislative act. Code of 1933, § 27-2506, was of force at the time of the conviction for the lottery in question, and this is the section under which the accused was sentenced.

It seems to us that it was the intent of the legislature by the act of November 27, 1895, the Code of 1895, and the subsequent

statutes, whether in the nature of statutes adopting Codes or other statutes, to make more uniform the punishment for ordinary misdemeanors and to clarify the punishment in all misdemeanor cases. Sutherland Statutory Construction (3d ed.), § 2012, p. 463. We think the Code of 1933, § 26-6502, which declares that the offense of carrying on a lottery is a misdemeanor, and the Code of 1933, § 27-2506, which prescribes the punishment for misdemeanors, were valid statutes at the time the defendant was sentenced and that he was properly sentenced under the latter section.

The case of *McCaffrey* v. *State*, 183 *Ga.* 827 (189 S. E. 825), confidently relied upon by the defendant, is differentiated from the instant case on its facts.

The judge of the superior court did not err in dismissing the petition for certiorari.

Since the controlling question in the case has been decided in favor of the State, it is unnecessary to consider the question of procedure raised by the State.

*Judgment affirmed.* *Gardner, and Townsend, JJ., concur.*

ON MOTION FOR REHEARING.

MacIntyre, P. J. The plaintiff in error has requested that he be allowed to be heard on the questions raised in this motion for rehearing personally by oral argument in this court and that should such request be denied that this court certify the questions raised to the Supreme Court. Upon due consideration, it is ordered that the said requests and the motion for rehearing in this case be denied.

*Rehearing denied.* *Gardner, and Townsend, JJ., concur.*