## 57455. BRADFORD v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction in a bench trial for the offenses of rape, armed robbery, aggravated sodomy, kidnapping, and burglary. *Held:*

The offenses here alleged against the defendant occurred on July 7, 1977. On August 8, 1978, the defendant was arrested for criminal trespass. As a consequence of his 1978 arrest he was routinely fingerprinted. The prints on this card were recognized by a captain of detectives as being similar to a 1977 print taken from a burglary site. That burglary had been adjacent to the house where the offenses here charged had occurred. A comparison had already been made between fingerprints lifted from the burglarized house and the house where these offenses occurred and a determination

reached that they had both been made by the same person. Defendant moved to suppress the fingerprints taken after the 1978 arrest alleging they were "tainted" by an illegal arrest.

Officer Moss and his partner were patrolling an area of Decatur, Georgia, on August 8, 1978, when at approximately 9:40 p.m. they received a "prowler call" over their police radio to proceed to 146 Adams Street. The call stated the complainant had advised the police that "it was two black males; one had a pick or something sticking in the back of his head . . ." The police were only a short distance from that house. They arrived within one to two minutes. The house was a duplex. It had a hedge around the border of the property with the street. Officer Moss saw two black males coming from the rear yard of 146 Adams Street. They were between the hedge and the house — not on the outside of the hedge — next to the street. "[O]ne of them had a pick sticking in the back of his head . . ." Officer Moss asked the the two men "[w]hat they were doing around the house, what they were doing in that neighborhood, and where they were going." He stated he did not receive "satisfactory answers." One of the officers spoke to the complainant who informed them she did want to press charges for criminal trespass and the officers arrested the defendant and his companion. The routine taking of an arrestee's fingerprints followed.

Although a criminal trespass may be committed in several different ways, the obvious trespass involved here is Code Ann. § 26-1503 (b) (1): "A person commits criminal trespass when he knowingly and without authority . . . enters upon the land or premises of another person . . . for an unlawful purpose . . ." (CCG § 26-1503 (b) (1); Ga. L. 1968, pp. 1249, 1285; 1969, pp. 857, 859). Under Code Ann. § 27-207 an officer may arrest without a warrant "if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be failure of justice for want of an officer to issue a warrant." (Ga. L. 1975, p. 1209). Whether or not an arrest violated this statute depends " ' "upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they

had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." *Beck v. Ohio,* 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142).' " *Sanders v. State,* 235 Ga. 425, 440 (219 SE2d 768). Thus, the single issue presented is whether the officers had probable cause to arrest the defendant for a "criminal trespass." When dealing with probable cause — as the name implies, we deal with probabilities — not certainty, and the quantum of proof necessary to establish probable cause is not that level which is necessary for proof of guilt in a trial. *Draper v. United States,* 358 U. S. 307, 311-312 (79 SC 329, 3 LE2d 327).

"An officer is entitled to explain the basis for making an arrest and to testify as to all of the facts in connection with it. . . He may testify relative to information which he obtained from others which afforded the basis for obtaining a warrant, or for making an arrest without a warrant. However, hearsay is admissible [only] to explain the officer's conduct, but not in proof of the fact." *Tomblin v. S. S. Kresge Co.,* 132 Ga. App. 212, 215 (207 SE2d 693). Hearsay statements may serve as the foundation for probable cause. *Tuzman v. State,* 145 Ga. App. 761, 766 (244 SE2d 882). Here the information provided by the complainant to the police station, which was broadcast over the radio, was verified by on site observation. Under these circumstances, the trial court did not err in concluding there was probable cause for an arrest. *Creecy v. State,* 235 Ga. 542 (2) (221 SE2d 17); accord, *Brisbane v. State,* 233 Ga. 339 (211 SE2d 294); *Phillips v. State,* 233 Ga. 800 (213 SE2d 664).

The arrest being lawful, the taking of the arrestee's fingerprints was also lawful. Cf. *Sanders v. State,* 235 Ga. 425, 431, supra; United States v. Wade, 388 U. S. 218, 223 (87 SC 1926, 18 LE2d 1149); 21 AmJur2d 393, Criminal Law, § 369; 22A CJS 567, Criminal Law, § 656 (a).

There is no merit to this enumeration.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED MARCH 13, 1979 — DECIDED APRIL 13, 1979 — REHEARING DENIED MAY 8, 1979 — ■

*Lawrence L. Schneider,* for appellant.

*M. Randall Peek, District Attorney, Jonathan C. Peters, Assistant District Attorney,* for appellee.