A03A1712. JAMES v. THE STATE.
(595 SE2d 359)

MILLER, Judge.

Michael James was arrested for theft by receiving stolen property, and in a search incident to the arrest, officers discovered methamphetamine. Following his convictions on several drug-related counts, James appeals from the denial of his motion to suppress the evidence, arguing that the search was incident to an illegal arrest. We conclude that there was probable cause for the arrest and therefore affirm.

Upon review of the trial court's denial of a motion to suppress, we are guided by three principles:

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe

the evidence most favorably to the upholding of the trial court's findings and judgment.

(Punctuation and footnote omitted.) *Blount v. State*, 257 Ga. App. 302 (570 SE2d 705) (2002).

So viewed, the evidence showed that officers received information about a stolen four-wheeler, which led them to James's residence. When officers questioned James about the stolen vehicle, James responded that someone had attempted to sell him the vehicle in question and that he had declined to purchase it because he believed it was stolen. He further stated that he had allowed someone to store it at his home, but that he had "gotten rid of it." James described the four-wheeler to officers, showed them where he had kept it, and explained that it had been covered with a tarp. Officers arrested James for theft by receiving stolen property, and during a search of his person found a large quantity of methamphetamine. James was tried and convicted on several counts of possession of drugs.[1]

On appeal James argues that officers had no more than a reasonable suspicion of criminal activity because the vehicle was not on James's property, and there was no specific description of the vehicle provided to officers that would warrant a belief that the vehicle that they were looking for was the one described by James. It is well settled that

[a] warrantless arrest is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense.

(Punctuation and footnote omitted.) *Gerrard v. State*, 252 Ga. App. 767, 768 (2) (556 SE2d 131) (2001); see *Davis v. State*, 203 Ga. App. 227-228 (1) (416 SE2d 771) (1992).

Here, the facts and circumstances were sufficient to warrant the belief that James had committed the crime of theft by receiving stolen property. Such crime occurs when a person "receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or control or lending on the security of the property." OCGA § 16-8-7 (a); see

---

[1] The theft by receiving stolen property charge was dismissed in consideration of James's testimony in another case.

*Todd v. State*, 184 Ga. App. 750, 751 (1) (362 SE2d 400) (1987). In this instance, James described a four-wheeler to officers (which description matched that of the stolen vehicle), admitted that he kept it at his home for some time, and stated that he believed the vehicle was stolen. A factfinder would not need to infer guilty knowledge that the property was stolen as James openly admitted such knowledge. See *Todd*, supra, 184 Ga. App. at 751 (1). This evidence more than sufficed to establish probable cause for arrest as James received, retained, and disposed of property that he knew was stolen (and there was no evidence that he did so to restore it to the owner).

The subsequent search of James's person that yielded the drugs was valid as having been made pursuant to a lawful arrest. Thus, the trial court did not err in denying James's motion to suppress.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 18, 2004.

*Vernon H. Smith*, for appellant.

*William T. McBroom III, District Attorney, Thomas J. Ison, Jr., Assistant District Attorney*, for appellee.