## S08A0587. LOCKHEART v. THE STATE.
### (663 SE2d 213)

MELTON, Justice.

Following a jury trial, Therron Lockheart was found guilty of murder, felony murder, and armed robbery in connection with the shooting death of Lucius Atkinson.[1] On appeal, Lockheart contends that the evidence was insufficient to sustain one of his convictions, that the trial court erred in denying his motion to dismiss the indictment, and that his trial counsel was ineffective. We affirm.

1. Viewed in the light most favorable to the verdict, the evidence reveals that, on March 24, 2001, Lockheart and co-defendant An-

---

[1] On December 2, 2003, Lockheart was indicted for malice murder, felony murder (with armed robbery as the underlying offense), and armed robbery. Following a jury trial on December 4-9, 2003, Lockheart was found guilty on all counts. On December 9, 2003, Lockheart was sentenced to life for malice murder and ten years for armed robbery (to run consecutive to the malice murder sentence). The conviction for felony murder was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Lockheart filed a motion for new trial on January 6, 2004, which he amended on August 23, 2007. The trial court denied Lockheart's motion for new trial on September 4, 2007. Lockheart's appeal was docketed in this Court on December 14, 2007, and submitted for decision on the briefs.

drew Fleming offered to give a ride to Lucius Atkinson. Atkinson got into Fleming's car, and Fleming and Lockheart drove him to the residential subdivision where Lockheart lived. Lockheart pulled out a gun, pointed it at Atkinson (who was still in the back seat of the car) and told Atkinson to give him his money. Lockheart took Atkinson's wallet and became angry when he saw that there was no money in it. Lockheart shot Atkinson in the neck and dumped Atkinson's dead body, along with his wallet, in a parking lot next to the subdivision tennis courts.

The evidence was sufficient to enable a rational trier of fact to find Lockheart guilty of all of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *James v. State*, 232 Ga. 834, 835 (209 SE2d 176) (1974) ("It is not required that the property taken be permanently appropriated [in order for a defendant to be found guilty of armed robbery].") (citation omitted).

2. Lockheart contends that the trial court erred in denying his motion to dismiss the indictment due to the State's failure to preserve as evidence the car in which the shooting took place. Lockheart claims that, regardless of whether or not the State acted in bad faith, he was denied due process because the State allowed the car to be sold from the impound lot before he had an opportunity to test it for fingerprints and other evidence. While it is true that

> when the State suppresses or fails to disclose material exculpatory evidence, the good or bad faith of the prosecution is irrelevant . . . the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant. [In such cases] the failure to preserve this potentially useful evidence does not violate due process *unless a criminal defendant can show bad faith on the part of the police.*

(Citations and punctuation omitted; emphasis in original.) *Illinois v. Fisher*, 540 U. S. 544, 547 (124 SC 1200, 157 LE2d 1060) (2004).

Here, Lockheart does not argue that the State acted in bad faith in its failure to ensure that the car was not sold before he had an opportunity to run tests on it. Nor does the record support the existence of bad faith on the part of the State. Lockheart's claim is therefore without merit. Id.

3. Lockheart argues that his trial counsel was ineffective for (a) failing to file a motion to suppress evidence and testimony obtained from Lockheart's live-in girlfriend; (b) failing to call Crystal Smith as

a witness to introduce allegedly incriminating letters written by co-defendant Fleming; and (c) advising Lockheart not to testify based on the mistaken belief that Lockheart's suppressed statement to police could be used against him for impeachment purposes if he testified.

In order to succeed on a claim of ineffective assistance, Lockheart must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); *Fuller v. State*, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, " 'we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

With respect to all three of Lockheart's allegations of ineffective assistance, he has failed to satisfy his burden of showing that his trial counsel was ineffective. First, contrary to Lockheart's contentions, Lockheart's girlfriend willingly provided the police with the incriminating letters that Lockheart had written, and the letters were not somehow discovered as a result of an illegal search. Therefore, a motion to suppress the evidence provided by Lockheart's girlfriend would have been meritless, and counsel's failure to file such a motion did not amount to ineffective assistance. *Parker v. State*, 281 Ga. 490 (3) (640 SE2d 44) (2007). Second, counsel made a strategic decision not to call Crystal Smith as a witness because she felt that the witness may have lacked credibility.[2] *Smith v. State*, 283 Ga. 237, 240 (2) (c) (657 SE2d 523) (2008) ("Strategic decisions regarding . . . which witnesses to call are within the exclusive province of the attorney after consultation with the client and do not amount to ineffective assistance.") (citation omitted). In any event, evidence supports the conclusion that no harm resulted from counsel's failure to call this witness because counsel called other witnesses at trial who testified that Fleming told them that he had actually committed the crime, and because the letters allegedly written by Fleming did not actually contain any admission that Fleming was the perpetrator. See, e.g., *Thomas v. State*, 282 Ga. 894 (2) (a) (655 SE2d 599) (2008) (no ineffective assistance shown where there was no reasonable

---

[2] Indeed, even the trial court found that Smith's testimony at the motion for new trial hearing lacked credibility.

probability that testimony of additional witnesses would have affected the outcome at trial). Finally, as Lockheart conceded at the motion for new trial hearing, it was ultimately his decision whether or not to testify. Irrespective of counsel's advice to Lockheart regarding the use of his previously suppressed statement to police if Lockheart testified at trial, Lockheart still would have been subject to extensive and potentially damaging cross-examination about the letters that he wrote in which he admitted to having committed the crime had he in fact testified. Thus, evidence supports the conclusion that trial counsel's performance was not deficient in advising Lockheart not to testify, and that trial counsel's actions did not result in any prejudice to Lockheart. See *Simpson v. State*, 277 Ga. 356, 359 (4) (c) (589 SE2d 90) (2003). Lockheart's ineffective assistance claim in this regard therefore must fail. Id.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008.

*Jonathan R. Melnick*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Barbara B. Conroy, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General,* for appellee.