## A09A1509. SOUDER v. THE STATE.

(687 SE2d 594)

BERNES, Judge.

Following a jury trial, Jacques Souder was convicted of hijacking a motor vehicle, OCGA § 16-5-44.1 (b); armed robbery, OCGA § 16-8-41 (a); possession of a firearm during the commission of a felony, OCGA § 16-11-106 (b); and carrying a concealed weapon, OCGA § 16-11-126 (a).[1] Souder appeals from the denial of his motion for new trial, contending that the trial court erred in denying his motion to suppress evidence seized at the time of his arrest, failing to merge the armed robbery and hijacking a motor vehicle counts in his sentence, and denying his motion for new trial based upon inconsistencies in the victim's testimony. He also contends that his trial counsel rendered ineffective assistance. For the reasons that follow, we affirm.

Viewed in the light most favorable to the jury's verdict,[2] the trial evidence shows that in the early morning of September 9, 2006, the victim and his grandmother were preparing for an out-of-town trip and drove their rented vehicle to a gas station to buy gas. The victim went inside to pay the cashier while his grandmother remained inside the car. When the victim returned, he saw Souder entering the car through the driver's door. The victim confronted Souder, and Souder pulled out a handgun. When the grandmother realized what was happening, she got out of the car. The victim was holding approximately $100 in his hand and Souder ordered him to throw the money on the ground. After the victim complied, Souder picked up the money, got into the car, and drove away from the scene. The victim later called 911 and reported the carjacking and armed robbery incident.

Several days later, Souder was seen driving the victim's stolen car and was reported to have collided with an unattended vehicle

---

[1] The jury also found Souder guilty of aggravated assault with intent to rob, but the trial court merged this count into the armed robbery count in its sentencing.

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

parked at an apartment complex. A City of Atlanta police officer was dispatched to the apartment complex to investigate the automobile collision that had been described as a "hit-and-run." During the course of the investigation, the officer observed visible damage to the side of the vehicle that Souder had allegedly struck and obtained information from a witness who had observed the collision. The witness pointed to Souder, who was then sitting on the porch of a nearby apartment, as the driver of the vehicle that had caused the collision. The officer ran a routine computerized tag check of the vehicle that Souder allegedly had been driving and discovered that the vehicle had been reported as stolen. After a backup officer arrived at the scene, the officers approached and arrested Souder. During a search incident to arrest, the officers recovered a handgun from the inside of Souder's pants. The officers also recovered a set of keys found in Souder's pocket. When the officer discharged the remote on the car key, the alarm to the stolen vehicle sounded.

Following Souder's arrest, the investigating detective compiled a six-person photographic lineup that included Souder's photograph. The victim of the carjacking and armed robbery reviewed the lineup and identified Souder as the perpetrator of the crimes without hesitation. The victim also positively identified Souder as the perpetrator at trial. The victim claimed that he was able to recognize Souder since the incident occurred in a well-lit area and he had seen Souder around the neighborhood on previous occasions.

Souder was indicted, tried, and convicted of the criminal charges associated with the carjacking and armed robbery incident and the weapon charge associated with his arrest.

1. On appeal, Souder contends that the trial court erred in denying his motion to suppress the handgun and car key evidence seized from his person at the time of his arrest. He argues that the officers lacked probable cause to perform the warrantless arrest and search, and therefore, the evidence was required to be suppressed.

Upon review of a trial court's decision on a motion to suppress, we construe the evidence most favorably to uphold the trial court's findings and judgment. See *James v. State*, 265 Ga. App. 660, 660-661 (595 SE2d 359) (2004). The trial court's findings based upon conflicting evidence will be upheld if there is any evidence to support them, and its findings of fact and credibility determinations must be accepted unless clearly erroneous. Id. "Further, in reviewing the denial of a motion to suppress, we consider all the evidence of record, including evidence introduced at trial." (Citation and punctuation omitted.) *Bowens v. State*, 276 Ga. App. 520, 521 (623 SE2d 677) (2005). Here, the trial court denied Souder's motion to suppress, finding that the evidence was discovered during a search incident to a lawful arrest. Based upon the evidence submitted at the pretrial

YALE LAW LIBRARY

motion hearing and at trial, the trial court's finding was authorized.[3]

> [A] warrantless arrest is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense.

(Citations omitted.) *James*, 265 Ga. App. at 661. See also OCGA § 17-4-20 (a); *Smith v. State*, 188 Ga. App. 574, 575 (1) (373 SE2d 800) (1988). "When dealing with probable cause — as the name implies, we deal with probabilities — not certainty, and the quantum of proof necessary to establish probable cause is not that level which is necessary for proof of guilt in a trial." *Bradford v. State*, 149 Ga. App. 839, 841 (256 SE2d 84) (1979). Moreover, an officer may testify to information that he obtained from others to explain his conduct and to provide a basis for making a warrantless arrest. See id. Information conveyed by witnesses in hearsay statements to the officer may serve as the foundation for probable cause. See id.; *Cornelius v. State*, 165 Ga. App. 794, 795 (302 SE2d 710) (1983).

In this case, the evidence established that prior to arresting Souder, the officer had obtained information from a witness that Souder had engaged in a "hit-and-run" incident by striking an unattended parked vehicle. This information authorized the officer to arrest Souder for failing to comply with his duty upon striking an unattended vehicle. See OCGA § 40-6-271 (a);[4] *Smith*, 188 Ga. App. at 575-576 (1). "The subsequent search of [Souder's] person that yielded the [handgun and car keys] was valid as having been made pursuant to a lawful arrest." *James*, 265 Ga. App. at 662. See also *Bradford*, 149 Ga. App. at 841.

2. Souder further contends that his separate convictions for

---

[3] We note that the officer's hearing testimony differed from his trial testimony describing the sequence of events as to the arrest and search. At the hearing, the officer testified that he performed a protective search of Souder for weapons prior to making the arrest. At trial, however, the officer testified that Souder first was handcuffed and arrested and then was searched incident to the arrest. Notwithstanding the conflict, the trial testimony supports the denial of the motion to suppress, and therefore, the trial court's decision was not erroneous. See *Bowens*, 276 Ga. App. at 521.

[4] OCGA § 40-6-271 provides:

The driver of any vehicle which collides with any vehicle which is unattended shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle of the name and address of the driver and owner of the vehicle striking the unattended vehicle or shall leave in a conspicuous place on the vehicle struck a written notice giving the name and address of the driver and the owner of the vehicle doing the striking. . . . Any person who fails to comply with the[se] requirements . . . shall be guilty of a misdemeanor.

armed robbery and hijacking a motor vehicle violate the state and federal prohibitions against double jeopardy and, thus, the trial court should have merged these charges. We discern no error in the trial court's sentencing.

OCGA § 16-5-44.1 (d) expressly provides: "The offense of hijacking a motor vehicle shall be considered a separate offense and shall not merge with any other offense. . . ." This provision supersedes the statutory double jeopardy provisions of OCGA § 16-1-7 in motor vehicle hijacking cases. See *Mathis v. State*, 273 Ga. 508, 509-510 (1) (543 SE2d 712) (2001); *Dumas v. State*, 283 Ga. App. 279, 281 (2) (641 SE2d 271) (2007); *Campbell v. State*, 223 Ga. App. 484, 485 (2) (477 SE2d 905) (1996). And, to the extent that Souder raises constitutional double jeopardy and equal protection challenges to the nonmerger sentencing provision, his challenges were untimely and thus were waived.[5] "All challenges to the constitutionality of a statute must be raised at the first available opportunity." *Lewis v. State*, 279 Ga. 69, 70 (2) (608 SE2d 602) (2005). "[A] constitutional attack on a criminal statute of this state cannot be raised for the first time in a motion for new trial." *Shivers v. State*, 261 Ga. 736 (1) (b) (410 SE2d 122) (1991). Souder failed to raise his constitutional challenges at the first available opportunity during the sentencing hearing. Rather, his challenges were first raised in his amended motion for new trial. Because his challenges were untimely, they are not subject to review. See id.; *Rutland v. State*, 296 Ga. App. 471, 473 (1) (675 SE2d 506) (2009); *Williams v. State*, 290 Ga. App. 829, 830-831 (1) (661 SE2d 563) (2008). Compare *Woods v. State*, 279 Ga. 28, 28-29 (1) (608 SE2d 631) (2005) (concluding that a constitutional challenge to a sentencing statute is timely if asserted after verdict, but prior to sentencing).

3. Souder also contends that the trial court erred in denying his motion for new trial in light of several inconsistencies in the victim's testimony. Again, we discern no error.

> The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness, for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the

---

[5] We further note that Souder's constitutional double jeopardy claims have been resolved against him by our state's precedent. See *Mathis*, 273 Ga. at 509-510 (1); *Dumas*, 283 Ga. App. at 281 (2); *Mullins v. State*, 280 Ga. App. 689, 691 (2) (634 SE2d 850) (2006); *Holman v. State*, 272 Ga. App. 890, 891 (1) (614 SE2d 124) (2005).

YALE LAW LIBRARY

jury resolved any apparent conflicts or uncertainties in the evidence. Rather, on appeal, we indulge every contingency in favor of the verdict.

(Citation and punctuation omitted.) *Williams v. State*, 236 Ga. App. 790, 792 (513 SE2d 757) (1999). And, although the trial court was empowered with the authority to grant a new trial after weighing the evidence in accordance with OCGA § 5-5-21,[6] the trial court's refusal to grant the requested relief affords no basis for reversal. "The motion is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." (Citation and punctuation omitted.) *Rutland*, 296 Ga. App. at 476 (3). "A trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict." (Citation and punctuation omitted.) *Parker v. State*, 244 Ga. App. 419, 421 (2) (535 SE2d 795) (2000). Because the evidence, as set forth above, established Souder's commission of the crimes and supports the verdict,[7] the trial court's decision will not be disturbed. See id.

4. Lastly, Souder contends that his trial counsel rendered ineffective assistance by failing to renew the motion to suppress at trial and by recommending a longer sentence than that recommended by the state.

In order to succeed on a claim of ineffective assistance, [Souder] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Lockheart v. State*, 284 Ga. 78,

---

[6] OCGA § 5-5-21 provides: "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding."

[7] See OCGA §§ 16-5-44.1 (b); 16-8-41 (a); 16-11-106 (b); 16-11-126 (a); *Anderson v. State*, 246 Ga. App. 189, 190 (1) (539 SE2d 879) (2000).

80 (3) (663 SE2d 213) (2008). Souder has failed to meet his burden of proof in this case and, therefore, his ineffective assistance claims must fail.

(a) Souder argues that trial counsel should have renewed his motion to suppress at trial after the officer changed his testimony describing the sequence of events as to the arrest and search.[8] "When trial counsel's failure to pursue a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel pursued the motion." (Punctuation and footnote omitted.) *Buckholts v. State*, 283 Ga. App. 254, 258-259 (3) (a) (641 SE2d 246) (2007). Here, Souder has not made the requisite showing.

As stated in Division 1 above, the officer's testimony at both the pretrial motion hearing and at trial set forth the facts establishing the validity of Souder's arrest and the search incident to that arrest. In light of our holding in Division 1 that Souder's arrest and search were proper, a renewed motion to suppress would have been meritless. Trial counsel's failure to pursue such a motion did not amount to ineffective assistance. See *Lockheart*, 284 Ga. at 80 (3). See also *Buckholts*, 283 Ga. App. at 259 (3) (a) ("[F]ailure to pursue a meritless motion is not evidence of ineffective assistance.").

(b) Souder also claims that his trial counsel was ineffective in recommending a greater sentence than that recommended by the state. At the sentencing hearing, the state presented evidence of Souder's prior felony drug conviction and recommended a total sentence of 15 years to serve 13 years in incarceration. In turn, trial counsel presented testimony from character witnesses in mitigation of sentencing and recommended a sentence of fifteen years to serve ten in incarceration, ten to serve being the statutory minimum for the primary felony offenses.[9] To the extent that trial counsel's sentencing recommendation sought a lesser period of incarceration, it did not exceed the sentence requested by the state. Trial counsel's strategic decision to seek a lesser period of incarceration in sentencing was not unreasonable.

Moreover, Souder is not entitled to prevail on this claim in light of his failure to establish that trial counsel's alleged error was prejudicial. The sentencing judge is not bound by the parties' recommendations in imposing sentence. See *Brown v. State*, 280 Ga. App. 767, 771 (1) (634 SE2d 875) (2006). The trial court imposed a sentence of a total of ten years to serve in incarceration as to the

---

[8] See Division 1, n. 3, supra.

[9] See OCGA §§ 16-5-44.1 (c); 16-8-41 (b).

YALE LAW LIBRARY

hijacking a motor vehicle, armed robbery, and carrying a concealed weapon counts, along with a five-year suspended sentence on the possession of a firearm during the commission of a felony count. The trial court's overall sentence was less than the state's recommendation, imposed concurrent statutory minimum sentences for Souder's primary felony offenses, suspended the consecutive sentence for the felony weapon offense,[10] and imposed a concurrent misdemeanor sentence for Souder's carrying a concealed weapon offense.[11] Because the record fails to show that Souder suffered prejudice, he cannot prevail on this claim.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 2, 2009 —
RECONSIDERATION DENIED DECEMBER 1, 2009 — 

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

---

[10] OCGA § 16-11-106 (b).
[11] See OCGA § 16-11-126 (b) (1).
[1] OCGA § 16-8-14 (a).
[2] OCGA § 16-5-23 (a).