S96A0923. NANCE v. THE STATE.
(471 SE2d 216)

HUNSTEIN, Justice.

Michael Wayne Nance was indicted in Gwinnett County on charges of murder, felony murder, aggravated assault, theft by taking, criminal attempt to commit armed robbery, and possession of a firearm during the commission of a felony. The State has filed its notice of intent to seek the death penalty. The charges arise out of events that occurred after Nance used a handgun to rob a bank on Indian Trail Road in Gwinnett County. Nance pled guilty in federal court to the Gwinnett County bank robbery.[1] It is uncontroverted that the federal district court, in its calculation of Nance's sentence under the

---

[21] 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

[1] Nance pled guilty in federal court to three counts: Count 1, a violation of 18 USC § 2113 (a) in regard to his robbery of a bank on Highway 29 in Lilburn; Count 2, a violation of 18 USC § 2113 (a) and (d), in regard to his armed robbery of the Indian Trail bank; and Count 4, a violation of 18 USC § 922 (g) (1), possession of a firearm by a felon. Under 18 USC § 924 (e), a person who violates 18 USC § 922 (g) (1) and has three previous convictions for a violent felony is subject to a mandatory minimum sentence of fifteen years and a maximum sentence of life imprisonment. See *United States v. Brame,* 997 F2d 1426, 1428 (11th Cir. 1993). The Assistant United States Attorney at the sentencing hearing set forth evidence establishing Nance's three previous convictions for violent felonies, as defined in 18 USC § 924 (c) (3). The district court sentenced Nance to 240 months for Count 1, 300 months for Count 2, and life without parole on Count 4.

United States Sentencing Guidelines, considered Nance's post-robbery conduct, specifically, his murder of Gabor Balogh. Based on the federal sentence, Nance filed a plea of double jeopardy in Gwinnett Superior Court as to the State charges. The trial court denied Nance's plea and he appeals. *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

Double jeopardy protects against three types of abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U. S. 711, 717 (89 SC 2072, 23 LE2d 656) (1969); *Moser v. Richmond County Bd. of Commrs.*, 263 Ga. 63 (428 SE2d 71) (1993). Nance clearly was neither prosecuted for nor convicted of the murder offense during the federal proceeding. He argues, however, that because the conduct giving rise to the murder charge was taken into account during the district court's sentencing, he effectively was "punished" for that conduct during the federal proceeding and that, as a result, the State's prosecution is barred under the Federal and State constitutions.

In *Witte v. United States*, ____ U. S. ____ (115 SC 2199, 132 LE2d 351) (1995), the United States Supreme Court considered and rejected substantially the same argument raised here by Nance. In *Witte*, the petitioner pled guilty to a marijuana offense that arose in 1991; in calculating his sentence under the United States Sentencing Guidelines, the district court considered petitioner's involvement in a cocaine offense that occurred in 1989-1990 and sentenced him accordingly. The U. S. Supreme Court agreed with the Fifth Circuit Court of Appeals that Witte's subsequent indictment on charges arising out of the 1989-1990 cocaine offenses was improperly dismissed on double jeopardy grounds because a defendant in Witte's situation "is punished, for double jeopardy purposes, only for the offense of which the defendant is convicted." *Witte v. United States*, supra, 115 SC at 2205. The U. S. Supreme Court clarified that

> use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause.

Id., 115 SC at 2206. The U. S. Supreme Court rejected petitioner's argument that a defendant has suffered multiple punishments for double jeopardy purposes any more *now* under the Sentencing Guidelines, where relevant conduct is included in the calculation of his offense level, than *before*, when a pre-Guidelines court was authorized in its discretion to take similar uncharged conduct into account. Id.,

115 SC at 2207.

> To the extent that the Guidelines aggravate punishment for related conduct outside the elements of the crime on the theory that such conduct bears on the "character of the offense," the offender is still punished only for the fact that the *present* offense was carried out in a manner that warrants increased punishment, not for a *different* offense (which that related conduct may or may not constitute).

Id., 115 SC at 2207-2208. Accordingly, the U. S. Supreme Court concluded that

> where the legislature has authorized such a particular punishment range for a given crime, the resulting sentence within that range constitutes punishment only for the offense of conviction for purposes of the double jeopardy inquiry.

Id., 115 SC at 2208.

Our review of the district court's sentence reveals that it was within the authorized statutory limit for the crime for which Nance was convicted in federal court.[2] Therefore, we conclude that the instant prosecution for Nance's post-robbery conduct is not barred by the double jeopardy clauses in either the Federal or Georgia constitutions as a second attempt to punish Nance for the same crime. The trial court did not err by denying Nance's plea in double jeopardy.

*Judgment affirmed. All the Justices concur.*

---

[2] The United States Sentencing Guidelines are set forth in 18 USC Appendix. Appx. A reveals that 18 USC Appx. § 2K2.1 (USSG 2K2.1) applies to 18 USC § 922, but, when violation of 18 USC § 922 involves punishment under 18 USC § 924 (e), reference must also be made to USSG 4B1.4 of the Career Offenders and Criminal Livelihood Part, wherein it is provided that "[a] career offender's criminal history category in every case shall be Category VI," USSG 4B1.1, and that there is an offense level of 37 for the "offense statutory maximum," namely, life imprisonment. Id. at (A). Under the Sentencing Table, 18 USC § 5A, the guideline range for an offense level of 37 with a criminal history category of VI is 360 months to life. The district court looked to USSG 2K2.1 (c) (1) (B) in regard to a death occurring with Nance's use of a firearm and found that the killing involved first degree murder (18 USC § 1111) for purposes of cross-referencing USSG 2A1.1, which has a base offense level of 43 and a mandatory sentence of life. See Sentencing Table, supra. The district court chose to reduce the offense level by three due to Nance's acceptance of responsibility. USSG 3E1.1. The guideline range for an offense level of 40 with a criminal history category of VI is 360 months to life, the same as for an offense level of 37 with a criminal history category of VI. We note that under the Sentencing Reform Act of 1984, parole has been abolished. See *United States v. Scroggins*, 880 F2d 1204, 1207-1208 (II) (A) (11th Cir. 1989).

DECIDED JUNE 3, 1996 —
RECONSIDERATION DENIED JUNE 25, 1996.

Donald L. Hudson, Jr., Edwin J. Wilson, for appellant.
Daniel J. Porter, District Attorney, Phil Wiley, Karen E. Reed, Assistant District Attorneys, Michael J. Bowers, Attorney General, for appellee.