## S00A1760. MATHIS v. THE STATE.
### (543 SE2d 712)

HINES, Justice.

Antonio Lamont Mathis was convicted of armed robbery, hijacking a motor vehicle, and kidnapping. In a pretrial motion and in his amended motion for new trial, Mathis challenged the constitutionality of OCGA § 16-5-44.1 (d), which provides that the offense of hijacking a motor vehicle is to be "considered a separate offense" not to "merge with any other offense" and that punishment for the offense is not to be "deferred, suspended, or probated." The trial court denied the challenge and Mathis's motion for new trial as amended. Mathis appeals the denial of his motion to declare OCGA § 16-5-44.1 (d) unconstitutional and also alleges other errors by the lower court requiring a new trial. For the reasons which follow, we affirm both the denial of the constitutional challenge and the refusal to grant Mathis a new trial.

The evidence construed in favor of the verdicts showed that early in the evening of September 12, 1998, Deborah Johnson and her young daughter returned home from grocery shopping. As Johnson carried the groceries to her apartment door, she noticed Mathis crouching in the doorway of the adjacent apartment. Mathis pulled out a pistol, put it to Johnson's head and told her to give him the keys to the vehicle she was driving, a Chevrolet Tahoe. It was still light out and Mathis was "right in [Johnson's] face" so even though Mathis was wearing a stocking cap, Johnson was able to identify him. Mathis demanded the car keys and forced Johnson to walk to the Tahoe. He told Johnson not to call the police, threatening that he knew where she lived and also that he knew that the Tahoe was "chopped," which meant stolen. Mathis sped away in the Tahoe and another vehicle followed him.

At trial, Mathis admitted to taking the Tahoe from Johnson but denied that he attempted to hide his identity or used a weapon to do so. He testified that he knew Johnson prior to the incident, that he learned that the Tahoe was stolen, and that he went to Johnson's residence to "try and con her out of the car." He claimed that he offered to buy the Tahoe, then asked to use it for the day, and that he tricked Johnson into giving him the keys by telling her that he was going to check the gas.

1. Mathis contends that OCGA § 16-5-44.1 (d) violates the prohibition against double jeopardy found in Art. I, Sec. I, Par. XVIII of the 1983 Georgia Constitution[1] because it permitted him to be punished in addition to the sentence for armed robbery for the single act of taking the vehicle.[2] See *Bradley v. State*, 272 Ga. 740, 744 (4) (533 SE2d 727) (2000).[3]

In *Campbell v. State*, 223 Ga. App. 484 (477 SE2d 905) (1996), and *Dillard v. State*, 223 Ga. App. 405 (477 SE2d 674) (1996), the respective defendants argued that, under state law double jeopardy provisions, particularly OCGA § 16-1-7, they could not be sentenced both for armed robbery and for hijacking a motor vehicle based on the same conduct. The Court of Appeals rejected the arguments and found no error in the punishment imposed based on its determination that the statutory bars against double jeopardy were superseded by OCGA § 16-5-44.1 (d). *Campbell v. State*, supra at 485 (2); *Dillard v. State*, supra at 406 (3). But as Mathis points out, there is a significant distinction between the protections provided by the double jeopardy statutes and those afforded under the State Constitution. However this distinction does not aid Mathis. The statutory substantive double jeopardy provisions, see OCGA §§ 16-1-6 and 16-1-7 (a), are an *expansion* of the proscription against multiple punishment for the same conduct beyond that required by the State and Federal Constitutions. *Wilson v. Zant*, 249 Ga. 373, 379 (2) (290 SE2d 442) (1982), overruled on other grounds, *Morgan v. State*, 267 Ga. 203, 204 (2) (476 SE2d 747) (1996); *State v. Estevez*, 232 Ga. 316, 317 (1) (206 SE2d 475) (1974).

The double jeopardy clause of the Georgia Constitution " ' "protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." ' " *Battista v. State*, 223 Ga. App. 369, 370 (1) (477 SE2d 665) (1996), quoting *Moser v. Richmond County Bd. of Commrs.*, 263 Ga. 63 (1) (428 SE2d 71) (1993). See also *Nance v. State*, 266 Ga. 816, 817 (471 SE2d 216) (1996); *Sword v. State*, 232 Ga. App. 497, 498 (502 SE2d 334) (1998). It does not prohibit additional punishment for a separate offense which the General Assembly has deemed to warrant separate sanction. *Miller v. State*, 250 Ga. 436 (298 SE2d 509) (1983); *Wilson v. Zant*, supra at

---

[1] The 1983 Ga. Const., Art. I, Sec. I, Par. XVIII states: "No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial."

[2] Mathis was sentenced to life imprisonment for armed robbery and a concurrent term of ten years incarceration each for hijacking a motor vehicle and for kidnapping.

[3] In *Bradley*, the issue of whether armed robbery of a motor vehicle and hijacking a motor vehicle must merge for sentencing because of the State Constitution's prohibition against double jeopardy was found to be premature, and therefore, not reached.

380 (2).[4] And hijacking a motor vehicle in violation of OCGA § 16-5-44.1 (b) is such an offense. OCGA § 16-5-44.1 (d) expresses the clear legislative intent to impose double punishment for conduct which violates both OCGA § 16-5-44.1 (b) and other criminal statutes. *Miller v. State,* supra at 437; *Wilson v. Zant,* supra at 380 (2).

2. Mathis contends that it was error for the trial court to allow a police officer to "express his personal belief." But the contention is unavailing. The State asked the officer if he would arrest someone for armed robbery, kidnapping, or hijacking a vehicle if the perpetrator and the victim knew each other. The officer responded that he would not fail to arrest someone charged with such crimes on the basis that the parties involved knew each other. Thus, assuming that the question and response were relevant, the officer's comments did not express or imply any personal opinion about whether the parties in this case knew each other at the time of the crimes or the existence of probable cause to charge Mathis, much less any opinion regarding an ultimate issue before the jury. See *Johnson v. State,* 266 Ga. 380, 384 (3) (467 SE2d 542) (1996). Compare *Fordham v. State,* 254 Ga. 59 (325 SE2d 755) (1985).

3. Mathis next asserts that the trial court erred in refusing to permit him to cross-examine Flora Tyler, the purported owner of the taken Tahoe, regarding State's exhibits numbers seven, eight, and nine, documents of the sale and title of the vehicle; he complains that he should have been allowed to cross-examine Tyler about two bills of sale from different states, in order to establish his claim that the Tahoe was indeed stolen.

But these complaints are without merit. The documents in question were admitted without objection, and Mathis was allowed extensive cross-examination of Tyler, including specific questions about the fact that there were bills of sale from entities with different names in different states. It was only after the defense repeatedly asked Tyler about the apparent discrepancy and Tyler twice responded that she did not know anything about it that the trial court sustained the State's objection to the line of questioning. And the trial court did not abuse its discretion in doing so. *Robinson v. State,* 272 Ga. 131, 132 (2) (527 SE2d 845) (2000). A defendant is entitled to effective cross-examination, not unlimited cross-examination. *Kolokouris v. State,* 271 Ga. 597, 600 (4) (523 SE2d 311) (1999).

4. Mathis also fails in his contention that the trial court erred in refusing to charge the jury on OCGA § 24-9-85 (b), which provides that if a witness willfully and knowingly swears falsely, that the wit-

---

[4] In *Miller v. State,* and *Wilson v. Zant,* this Court considered the propriety of multiple punishments for the crime of possession of a firearm in the commission of a felony, and concluded that such "double punishment" was not constitutionally prohibited.

ness's testimony is to be disregarded entirely unless corroborated by circumstances or other unimpeached evidence. "OCGA § 24-9-85 (b) is applicable where 'the witness admits . . . that he wilfully and knowingly swore falsely, or (where) the testimony (is) such as to render the purpose to falsify manifest.' [Cit.]" *Fugitt v. State*, 256 Ga. 292, 298 (6) (348 SE2d 451) (1986). And contrary to Mathis's assertion, the circumstances of this case do not demand a finding that any of the State's witnesses wilfully and knowingly testified falsely. Hence, the jury was to evaluate the credibility of the witnesses. Id.

5. Lastly, there is no merit to the contention that the trial court erred in charging the jury that Mathis's interest in the case could be considered in determining his credibility, because that is not what the court did. The trial court gave a generic charge applying to any and all witnesses.[5] It did not single out or call attention to Mathis's testimony or in any manner apply a different standard to the defense. See *Larry v. State*, 266 Ga. 284, 286 (3) (466 SE2d 850) (1996).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 2, 2001.

*David L. Whitman*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.

---

[5] The court charged:
You must determine the credibility or believability of the witnesses. It is for you to determine what witness or witnesses you will believe and which witness or witnesses you will not believe if there are some you do not believe.
In passing upon their credibility you may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their interest or lack of interest, their means and opportunity for knowing the facts which they testify about, the nature of the facts which they testify about, the probability or improbability of their testimony and of the occurrences which they testify about. You may also consider their personal credibility insofar as it may legitimately appear from the trial of this case.