## A02A0922. GREENE v. THE STATE.
(572 SE2d 382)

BARNES, Judge.

Following the denial of his motion for new trial, Darien Greene appeals his conviction for three counts of theft by taking a motor vehicle, simple assault, false imprisonment, robbery and violation of oath by a public officer. He challenges the sufficiency of the evidence for the violation of oath conviction, one count of theft by taking a motor vehicle, simple assault, false imprisonment, and robbery. Greene also challenges as error the trial court's refusal to give a requested charge and the denial of his motion in limine. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that Greene was employed as a police officer with Bibb County. In late 1998, Greene befriended Lashon Norman and Michael Bond. The three men met while studying to become members of a local Masonic lodge. During the course of the relationship, Greene became aware that Norman and Bond were involved in criminal activity, specifically, that Norman and Bond, and several accomplices, were involved in stealing returned electronic equipment from a Wal-Mart return center where Norman was employed. Bond would also fix any defective electronics for a fee. Greene told the men that he was having financial problems and agreed to participate in the thefts for extra money.

On January 10, 1999, the group planned to rob the return center. Greene monitored his police radio while Norman, Bond and several other accomplices stole a white tractor truck that was to be hitched to a Wal-Mart trailer containing returned electronics. Greene promised

to call if he heard anything about the theft on his police radio. Norman testified that the robbery was aborted because it was very cold and the guard at the return center never came out of the guard shack. The next night, the group tried again. On this occasion, Greene was with the men and several other accomplices when they stole an orange tractor truck. Greene initially drove the stolen truck, but he had problems operating the gears, so someone else replaced him. Norman testified that the robbery was aborted after the center's alarm went off and a police car drove past the warehouse.

Two nights later, a group composed of Norman, Bond and three other men robbed Watkins Motor Lines. Norman testified that he had an insider at Watkins, that the robbery had been in the planning stages for approximately two weeks, and also that Greene was privy to the information. The night of the crime, however, Greene could not go with the group to Watkins because he was working. Bond testified that Greene called him shortly before the robbery. During the robbery, one of the accomplices severely beat a security guard and restrained him in a Port-a-john. The next morning, Norman and Bond met with Greene to discuss the robbery. Both men testified that they were concerned that they could be charged with the assault on the security guard. Greene drove the men around town looking for the Watkins insider, but they could not find her. Norman was arrested that same day, and Bond was arrested the next day.

1. The proper test for an appellate court to use in resolving questions of insufficiency of the evidence is established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence, the reasonable doubt test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence is challenged. *Stewart v. State*, 232 Ga. App. 565-566 (1) (502 SE2d 502) (1998). On appeal, the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Id.

2. Greene first enumerates as error the sufficiency of the evidence to convict him of violation of an oath by a public officer. He argues that the State failed to establish the actual terms of office violated by Greene.

The indictment charged Greene with "willfully" and "intentionally" violating the terms of his oath in that he

did participate in criminal activity as contained in counts 1 through 6 above, and that the said accused did not faithfully

perform the duties of his office, that he did not faithfully observe the rules, orders, and regulations of the department, in that he did not obey the laws of the city of Macon, State of Georgia and the United States of America.

Attached to the indictment was a copy of the current oath.

At trial, the State could not produce the original oath signed by Greene, but produced a copy of the oath signed by an officer who was sworn in at the same time as Greene. The oath taken by the officers was as follows:

I do solemnly swear or affirm that I will faithfully perform all the duties of my office, and that I will faithfully observe all the rules, orders and regulations of the department. I further swear or affirm that I will obey all laws of the City of Macon, State of Georgia, and any other State, or the United States of America, so help me God.

That same officer testified that Greene was present on the day of the swearing-in and that he took the oath as well. Greene's training officer testified that the officers who are sworn in repeat the oath together, and that Greene was sworn in with the other officers or he would not have issued Greene's equipment. Thus, that being so, there was sufficient evidence from which a rational trier of fact could conclude that Greene took an oath which contained the terms as averred in the pertinent charge contained in the indictment. Compare *Jowers v. State*, 225 Ga. App. 809, 813 (2) (484 SE2d 803) (1997) (although there was evidence that officer took an oath of office, there was no evidence of the actual terms contained in that oath).

Greene's argument also challenges the admissibility of certain evidence, specifically a copy of the current oath. This issue, however, was not asserted in an enumeration of error and accordingly is not properly before us. "Enumerations of error cannot be enlarged to include other issues not asserted, and appellate review cannot be enlarged or transformed through switching, shifting, or mending one's hold." (Citations omitted.) *Williams v. State*, 208 Ga. App. 153, 154 (1) (430 SE2d 42) (1993).

3. Greene contends that the evidence was insufficient to support his convictions for simple assault, false imprisonment, armed robbery, and one count of theft by taking a motor vehicle. He asserts that he was not a party to the offenses committed during the Watkins theft because the crimes were "not acts that are naturally or necessarily done in pursuance of the conspiracy of theft, in which [Greene] could have been involved."

> A participant to a crime may be convicted although he is not the person who directly commits the crime. OCGA § 16-2-20. A person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime. Mere presence at the scene is not sufficient to convict one of being a party to a crime, but criminal intent may be inferred from conduct before, during, and after the commission of a crime. Whether [Greene] was a party to the crime and aided and abetted his co-defendants in the crimes for which he was indicted or intentionally advised, encouraged, or counseled his co-defendants to commit the crimes was a question for the jury.

(Citation and punctuation omitted.) *Arrington v. State*, 244 Ga. App. 529, 530-531 (536 SE2d 212) (2000).

While it is true that Greene was not physically present during the commission of the crimes at Watkins, "[o]nce [a] common design is shown by evidence tending to indicate that the individuals have associated themselves together to do an unlawful act, any act done in pursuance of that association by any one of the associates[ ] would, in legal contemplation, be the act of each of them." (Citations and punctuation omitted.) *Ford v. State*, 163 Ga. App. 745, 746-747 (296 SE2d 85) (1982).

Here, there was evidence that Greene knew that the group was planning to rob Watkins, and was in fact privy to the discussions about robbing the business, including the fact that there was an inside person, for approximately two weeks before the crime was committed. On the night of the crime, he was asked to participate, but could not because he had to work. Bond testified that Greene wanted to know if he would still get money from the Watkins robbery, even if he could not physically participate that night. There is also evidence that on the night of the crime, Greene called Bond on his cell phone at about 1:20 a.m., which was shortly before Watkins was robbed. Bond testified that he was at or around Watkins when Greene called. Bond also testified that Greene asked how much money they got from the Watkins job. The evidence shows that after the crime, rather than reveal the commission of the crimes to the authorities, Greene met with Norman and Bond to discuss the crime and drove the men around looking for the Watkins insider. Finally, Greene visited both men once they were arrested and advised Bond not to make a statement to the police.

While mere approval of the criminal act would not amount to sufficient evidence to establish Greene was a party to the crime, see

*Brown v. State*, 250 Ga. 862, 864 (1) (302 SE2d 347) (1983), Greene's conduct demonstrates that he aided, abetted, advised, and counseled his co-defendants in the commission of the crimes against Watkins. Thus, for the foregoing reasons, the evidence in this case was sufficient to support Greene's convictions. *Jackson*, supra.

4. We likewise find no merit in Greene's contention that the trial court erred by failing to charge the jury that "[t]he elements of proof that one is a party to a crime or an accomplice requires proof of a common criminal intent."

Although the trial court did not use this exact language, it instructed the jury that "[i]ntent is an essential element of any crime and must be proved by the State beyond a reasonable doubt." The trial court also charged that "[a] person is a party to a crime only if that person directly commits the crime, or intentionally helps in the commission of the crime, or intentionally advises, encourages, hires, counsels, or procures another to commit the crime." "Because the applicable principles were covered in the court's charge, the court did not err in refusing to charge the exact language requested by the defendants." *Barnett v. State*, 244 Ga. App. 585, 591 (7) (536 SE2d 263) (2000).

5. The trial court did not err in denying Greene's motion in limine to exclude all evidence of his prior knowledge of additional criminal activity. Greene contends that evidence that he knew that his co-defendants, Norman and Bond, were involved in criminal activities improperly placed his character in issue. On appeal from the grant or denial of a motion to suppress or motion in limine, "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). In denying the motion, the trial court determined that the evidence regarding Greene's prior knowledge that Norman and Bond were stealing was admissible to show intent.

It is well established that evidence of an independent offense or act may be admitted to show a defendant's bent of mind, course of conduct, motive, intent, or lack of mistake. *Lamb v. State*, 273 Ga. 729, 731 (1) (546 SE2d 465) (2001). Further, evidence that is relevant to an issue in a case is not rendered inadmissible because it incidentally puts a defendant's character in issue. *Stephens v. State*, 214 Ga. App. 183, 186 (5) (447 SE2d 26) (1994).

Clearly, Greene's knowledge of Norman and Bond's criminal activity is relevant as showing Greene's intent and course of conduct, as well as the motive, planning, and genesis of the crime.

*Judgment affirmed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED OCTOBER 10, 2002.

*Renate D. Moody*, for appellant.
*Howard Z. Simms, District Attorney, Elizabeth K. Bobbitt, Myra H. Kline, Assistant District Attorneys*, for appellee.