## A05A0627. HOLMAN v. THE STATE.
### (614 SE2d 124)

JOHNSON, Presiding Judge.

A jury found Derrick Holman guilty of armed robbery and hijacking a motor vehicle. He appeals from the convictions entered on the verdict, claiming the trial court violated the provisions against double jeopardy in imposing separate sentences for the two crimes, erred in giving a jury charge which was inconsistent with the evidence and erred in finding that he received effective assistance of counsel. None of these arguments has merit, so we affirm his convictions.

Viewed in a light most favorable to the verdict, the evidence shows that the victim was on his way home from a party when he pulled off the road into a parking lot and fell asleep. He was awakened by a man knocking on his window. The man represented himself as a police officer, and told the victim to get out of the car. As the victim got out of the car, the man pointed a gun at him and demanded that he hand over his money. The victim gave the man his money, credit cards and license. The assailant got into the car and drove away. The next day, the victim saw the man driving his car. The victim positively identified Holman in a photographic lineup as the man who robbed him and took his car.

Holman was found guilty and convicted of both offenses. The court sentenced Holman to 15 years on each charge, to run concurrently.

1. Holman contends the trial court violated the prohibition against double jeopardy by entering separate convictions and imposing separate sentences for armed robbery[1] and hijacking a motor vehicle.[2] He urges that the state used the same facts to establish both

---

[1] Armed robbery is committed when a person takes the property of another from the person or the immediate presence of another by use of an offensive weapon. OCGA § 16-8-41 (a).

[2] A person commits the offense of hijacking a motor vehicle when he obtains a vehicle from the person or presence of another by force and violence or intimidation while in possession of a firearm or weapon. OCGA § 16-5-44.1 (b).

offenses, and that he should have only been convicted of and sentenced for one of the offenses. There was no error.

OCGA § 16-5-44.1 (d) expressly provides that the offense of hijacking a motor vehicle shall be considered a separate offense and shall not merge with any other offense. This Code section supersedes the double jeopardy provisions of OCGA § 16-1-7[3] in motor vehicle hijacking cases.[4] In *Mathis v. State*,[5] the Supreme Court of Georgia held that OCGA § 16-5-44.1 (d) does not violate the prohibition against double jeopardy since the double jeopardy clause of the Georgia Constitution[6] does not prohibit additional punishment for a separate offense which the legislature has deemed to warrant separate sanction.

At the hearing on the motion for new trial, Holman acknowledged that "the cases go against [him]" on this issue, but that the appellate courts "got it wrong." He urged, as he does on appeal, that the legislature cannot by statute allow courts to impose two punishments for a single crime without violating the double jeopardy clause of the federal constitution.[7] He does not show, however, how the statute at issue violates the double jeopardy provision of the federal constitution when, as the *Mathis* court specifically determined, it does not violate the double jeopardy provision of the state constitution. We have been given no reason to hold that it does. Indeed, the *Mathis* court noted that Georgia's statutes expand the proscriptions against multiple punishment for the same offense beyond that required by the state and federal constitutions.[8] Holman has not shown error by the trial court, so this enumeration presents no basis for reversal.

2. In its instructions to the jury, the trial court included two charges regarding party to a crime. First, the court charged the jury that the prosecution had the burden of proving that the defendant had knowledge that the crimes were being committed, or that he knowingly participated in or helped in the commission of the crimes; that if he had no knowledge of or did not knowingly participate or help in the commission of the crime, the jury must acquit him; and that if

---

[3] OCGA § 16-1-7 (a) prohibits convicting an accused of more than one crime when the same conduct establishes the commission of more than one crime.

[4] See *Campbell v. State*, 223 Ga. App. 484, 485 (477 SE2d 905) (1996).

[5] 273 Ga. 508, 509 (543 SE2d 712) (2001).

[6] 1983 Ga. Const., Art. I, Sec. I, Par. XVIII states that no person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of mistrial.

[7] The double jeopardy clause of the Fifth Amendment to the United States Constitution prohibits successive prosecution or multiple punishment for the same offense. *Witte v. United States*, 515 U. S. 389, 391 (115 SC 2199, 132 LE2d 351) (1995).

[8] *Mathis*, supra at 509 (1).

the jury finds that he did have knowledge or knowingly participate in the crimes, then the jury would be authorized to convict him. Second, the court instructed the jury that Holman's mere presence at the scene of the crime would not authorize a jury to find him guilty of consenting in the commission of the crime unless the evidence shows beyond a reasonable doubt that he committed the crime, helped in the perpetration of the crime or participated in the criminal endeavor.

Holman argues that these charges were not supported by the evidence, since the state did not introduce any evidence that others were involved in the crimes. He urges that his defense was mistaken identity, and that the jury charges at issue imply that he "was driving the car that others in his circle of accomplices had stolen and was therefore a party to the crime."

The evidence introduced at trial showed that the victim was approached and robbed by only one individual. There was no evidence that anyone else was involved.[9] The party to a crime charges were clearly extraneous in light of the evidence introduced, but we find it highly unlikely that the jury was misled by this portion of the charge.[10] Considering the jury charge as a whole, we find no likelihood that the jury was confused or misled, and therefore find no harmful error.[11]

3. Holman contends he received ineffective assistance of trial counsel in that counsel: (a) failed to present a pre-trial plea in bar claim to bar the entry of two separate convictions and sentences in this case; and (b) failed to call him as a witness in the case.

(a) As discussed in Division 1, Holman's argument that the double jeopardy clause prohibited the imposition of separate sentences in this case is without merit. His attorney was therefore not ineffective for failing to assert that argument on his behalf.[12]

(b) Holman states that he wanted to take the witness stand in order to explain how he obtained possession of the victim's car. At the hearing on the motion for a new trial, Holman said he would have testified that an acquaintance wanted to buy drugs from him, but since he had no money, the acquaintance let him borrow the car (which the acquaintance claimed belonged to a girlfriend) for a few

---

[9] We note that at the time of trial, vehicular homicide and other driving charges were pending against Holman in a separate indictment. In that case, Holman was charged in connection with a collision in which his acquaintance was killed; at the time of the accident, which occurred days after the hijacking in this case, Holman was driving the car stolen from the victim in this case. These "party to a crime" instructions presumably related to Holman's anticipated defense that the acquaintance committed the hijacking and armed robbery days earlier. See Division 3 (b), below.

[10] See *Chandler v. State*, 213 Ga. App. 46, 47 (2) (443 SE2d 679) (1994).

[11] See generally *Levin v. State*, 222 Ga. App. 123, 125 (3) (473 SE2d 582) (1996).

[12] See *Sanders v. State*, 197 Ga. App. 867, 868 (1) (399 SE2d 734) (1990).

days. Holman testified at the hearing that he told his attorney repeatedly that he wanted to testify, but that his attorney insisted that he not do so. Holman added that he feared that if he insisted on testifying despite counsel's advice not to, his attorney would no longer represent him to the best of his ability. He argues that the decision of whether to testify belonged to him, but that counsel did not give him the final say in the matter, and that his on-the-record waiver of his right to testify was not knowing, intelligent or voluntary.

At trial, the court asked Holman if he had made a decision as to whether to testify. Holman replied that he was not going to testify. The court then asked, "You understand you have a right to testify?" Holman responded, "Yes, ma'am." The court asked, "Do you understand that it's your decision to make and not [your attorneys']?" Holman replied affirmatively. The court inquired, "You understand that [your attorneys] can advise you as to what they think you should do or what they think — what they would do, but they can't tell you what to do?" Holman said, "Yes, ma'am." The following then transpired.

> THE COURT: Is this your decision and not their decision?
> THE DEFENDANT: It's my decision because I wouldn't know what to say because I'm already stressed out for being on trial for something somebody else did. I wouldn't know what to say. I might mess up [my attorneys'] defense. I wouldn't really know what to say to counter the DA.
> THE COURT: So given all of the options that you have, you've decided on your own that you don't want to testify?
> THE DEFENDANT: Yes, ma'am.

Beyond this, Holman's trial counsel testified at the hearing on the motion for a new trial that he advised Holman against testifying because he did not want Holman to corroborate the victim's testimony that Holman was seen driving the stolen car the day after the robbery, counsel did not want to subject Holman to cross-examination by the state and counsel did not want to open the door to testimony about the acquaintance and the circumstances surrounding his death a few days after the car hijacking. Counsel testified that he tells his clients (including, as best he could recall, Holman), that regardless of whether he thinks they should testify or not, the clients ultimately must make the decision. He tells his clients that it is an important decision, perhaps the most important one they will ever make, and that he recalled discussing the right to testify with Holman on more than one occasion.

Assuming a discrepancy in the testimony between Holman and his counsel on this point, it is the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve any conflicts in the testimony.[13] The record supports the trial court's finding that Holman was well aware of his right to testify, and that Holman's alleged denial of his right to testify lacked merit.[14] Having failed to demonstrate that his constitutional right to testify was abridged, Holman cannot show he was denied effective assistance of counsel on this basis.[15]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED APRIL 18, 2005 — 

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.

---

[13] See *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995).
[14] See *Barron v. State*, 264 Ga. 865, 866 (452 SE2d 504) (1995).
[15] Id.; see *Sutton v. State*, 261 Ga. App. 860, 865-866 (2) (d) (583 SE2d 897) (2003).