## A06A0983. MULLINS v. THE STATE.
### (634 SE2d 850)

ELLINGTON, Judge.

A Douglas County jury found Robert Mullins guilty of armed robbery, OCGA § 16-8-41, hijacking a motor vehicle, OCGA § 16-5-44.1, and kidnapping, OCGA § 16-5-40. Mullins appeals from the denial of his motion for new trial. He contends the evidence was insufficient to support his kidnapping conviction and that the trial court erred in admitting certain evidence and in sentencing him separately for crimes that should have merged. Finding no error, we affirm.

When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). The jury, not this Court, resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from basic facts to ultimate facts. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

Viewed in this light, the record reveals the following facts. On June 21, 2000, Mullins drove a stolen Chevrolet Impala to the Thornton Chevrolet dealership in Douglas County. Once there he found a salesman to accompany him on a test drive of a Chevrolet Tahoe, a luxury sport utility vehicle. While Mullins was test driving the Tahoe on the freeway, he slowed down to about 20 miles per hour as he approached an exit ramp. He pulled a handgun from his pocket, pointed it at the salesman, and said "it's nothing personal," indicating he intended to take the car. Mullins slowed the car to about five miles per hour and forced the salesman to stumble out of the car and onto the shoulder of the road. The salesman immediately reported the theft to the police.

During their investigation, the police learned that the Impala Mullins drove to Thornton Chevrolet had been stolen from a Honda

dealership in Morrow, Georgia about a week earlier. Mullins stole the Impala during a test drive. The salesman testified that Mullins slowed down on the freeway, pulled the car over near an exit ramp, and forced him out at gunpoint. The police were able to identify and locate Mullins through a friend of his, Tony Alexander. Alexander, who once worked with the salesman, accompanied them for part of the test drive, but he was not present during the theft. Alexander testified that he had seen Mullins driving both the Impala and the Tahoe around the neighborhood. He also testified that Mullins owned handguns, a .9 mm and a .380, and often carried guns with him in the car or on his person.

When the police arrested Mullins, they searched his apartment and found a magazine for a .9 mm pistol, several types of bullets, a BB pistol, a business card from a salesperson at the Chevrolet dealership, and a user's manual for the Impala. They found the Tahoe in the parking lot and impounded it. Mullins' fingerprints were in the car. The police also learned that Mullins had attempted to buy the Impala on an earlier occasion, but his credit application had been rejected. In a videotaped statement introduced at trial, Mullins admitted taking the Impala from the salesman at gunpoint using the BB gun. He also admitted taking the Tahoe, but he denied using a handgun on that occasion.

1. Mullins contends the State failed to adduce evidence sufficient to prove the offense of kidnapping. He argues there was no evidence of asportation because the salesman from whom he took the Tahoe voluntarily fled the car. We disagree. OCGA § 16-5-40 (a) provides that a "person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." Further, under Georgia law, "[t]he distance which a kidnapper abducts his victim is without legal significance[.] Only the slightest movement of the victim is required to constitute the necessary element of asportation." (Footnotes omitted.) *Boykin v. State*, 264 Ga. App. 836, 839 (1) (592 SE2d 426) (2003).

Here, Mullins pulled a handgun on the salesman as he slowed the car down from about twenty miles per hour to about five miles per hour. As Mullins did this, he said: "It's nothing personal." At that time, the salesman was seized against his will in a moving car. Then Mullins forced the salesman out of the car and to a new location, the shoulder of the road. This evidence is sufficient to satisfy the asportation element of kidnapping beyond a reasonable doubt. See *Boykin,* supra (asportation element satisfied when defendant forced victim from car with handgun and made him lie on the ground); *Giddens v. State*, 190 Ga. App. 723, 725 (3) (380 SE2d 274) (1989) (asportation element satisfied when defendant pushed the victim, who was standing in front of a car door, into the driver's seat); *Love v. State*, 190 Ga.

App. 264-265 (1) (378 SE2d 893) (1989) (moving victim from a seated position on a concrete block to the dirt behind the concrete block held sufficient asportation).

2. Mullins contends his separate convictions for armed robbery and hijacking a motor vehicle violate the state and federal prohibitions against double jeopardy and the trial court should have merged them. We disagree. OCGA § 16-5-44.1 (d) expressly provides that the offense of hijacking a motor vehicle shall be considered a separate offense and shall not merge with any other offense. Therefore, it supercedes the statutory double jeopardy provisions of OCGA § 16-1-7 in motor vehicle hijacking cases. Moreover, as we held:

> In *Mathis v. State*, [273 Ga. 508, 509 (543 SE2d 712) (2001),] the Supreme Court of Georgia held that OCGA § 16-5-44.1 (d) does not violate the prohibition against double jeopardy since the double jeopardy clause of the Georgia Constitution does not prohibit additional punishment for a separate offense which the legislature has deemed to warrant separate sanction.

(Footnotes omitted.) *Holman v. State*, 272 Ga. App. 890, 891 (1) (614 SE2d 124) (2005). Further, with regard to his claim that his convictions violate the federal prohibition against double jeopardy, Mullins has failed to show

> how the [hijacking] statute at issue violates the double jeopardy provision of the federal constitution when, as the *Mathis* court specifically determined, it does not violate the double jeopardy provision of the state constitution.

Id. As in *Holman*, Mullins has not persuaded us that the federal constitution offers greater protection than the state constitution in a case where, as the Supreme Court of Georgia has already expressly concluded, hijacking a motor vehicle constitutes a *separate* offense warranting a *separate* sanction under Georgia law.[1] Id.; *Mathis v. State*, 273 Ga. at 509 (1). We find no error.

3. Mullins contends the trial court erred in admitting Alexander's testimony that Mullins possessed a handgun and sometimes

---

[1] Mullins insists we apply the *Blockburger* test to this case. See *Blockburger v. United States*, 284 U. S. 299 (52 SC 180, 76 LE 306) (1932). However, the purpose of that test is to determine whether two offenses are the same. We need not reach that issue, as we explain above, because it has already been decided adversely to Mullins by the Supreme Court of Georgia in *Mathis*, supra.

carried it with him. On appeal, Mullins argues the testimony was improper evidence of habit. However, he did not object on that basis below.

> In order to preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground. Objecting on specific grounds waives the grounds not asserted. The rule is that the scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching or shifting.

(Citations and punctuation omitted.) *Parrish v. State*, 237 Ga. App. 274, 280-281 (4) (514 SE2d 458) (1999). We find no error.

4. Mullins contends the trial court erred in admitting evidence pertaining to the theft of the Chevrolet Impala as a similar transaction. We review a trial court's decision to admit such evidence for abuse of discretion. *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998). To show that evidence is admissible as a similar transaction, the State must show that (1) it is introducing the evidence for an appropriate purpose, (2) sufficient evidence establishes that the accused committed the independent offense, and (3) sufficient similarity exists between the independent offense and the crime charged, so that "proof of the former tends to prove the latter." (Citation omitted.) *McKibbons v. State*, 226 Ga. App. 452, 454-455 (3) (486 SE2d 679) (1997). "[T]he separate crime need not be identical to the charged crime to be admissible." (Citation omitted.) *Murphy v. State*, 272 Ga. App. 287, 289 (1) (612 SE2d 104) (2005).

The State offered the similar transaction to show course of conduct, intent, and identity. Mullins admitted he stole the Impala from the salesman by brandishing a BB pistol. As in the case in chief, he stole the car from a salesman during a test drive with the use of a weapon and then forced the salesman from the car next to a freeway exit ramp. As the record shows the presence of all factors required to authorize admission of the similar transaction evidence in question, the trial court did not abuse its discretion. We find no error.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 26, 2006.

*Lee W. Fitzpatrick*, for appellant.

*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.