## A10A0540. WHITEHEAD v. THE STATE.
(695 SE2d 729)

PHIPPS, Presiding Judge.

A jury found Robert Whitehead guilty of hijacking a motor vehicle, armed robbery, aggravated assault, and possession of a firearm during the commission of a felony.[1] Whitehead appeals from the denial of his motion for new trial, contending that the evidence was insufficient to support the convictions, that his conviction for armed robbery should have merged with the conviction for hijacking a motor vehicle, and that he received ineffective assistance of counsel during sentencing. None of the contentions has merit, so we affirm.

1. Whitehead contends that the evidence was insufficient to support his convictions because there was no evidence that he was

---

[11] Id.

[1] In Count 1 of the indictment, the state charged Whitehead with hijacking a motor vehicle (obtaining a motor vehicle from the person of another by force and violence, while possessing a handgun); in Count 2, Whitehead was charged with armed robbery (by taking a motor vehicle from the person of Cory Smith by the use of a handgun); in Count 3, he was charged with aggravated assault (by assaulting Cory Smith with a handgun by pointing it at him); and in Count 4 he was charged with possession of a firearm during the commission of a felony (by having on his person a handgun during the commission of an aggravated assault). The trial court determined that the aggravated assault conviction merged into the armed robbery conviction.

present when the crimes were committed or when the vehicle was recovered. This argument lacks merit.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[2] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.[3]

So viewed, the evidence showed the following. Cory Smith had a disagreement with some of his friends, including Whitehead, Whitehead's brother Steven Smith,[4] and Taron Utley. About two weeks later, at approximately 9:00 p.m. on October 2, 2007, Whitehead contacted Smith by phone saying he needed a ride from a friend's house to an apartment complex. Whitehead told Smith to come alone and without his cell phone.

When Smith arrived to pick up Whitehead, Utley was there. Smith drove both men to the apartment complex. Whitehead and Utley got out of the car and left. Whitehead returned to the car alone about five to ten minutes later, and directed Smith to drive him to the rear of the complex. Whitehead then got out of the car and went into a building. Smith waited in the car for Whitehead to return. Five to ten minutes later, Matthew Osborne came from the side of the building. Smith knew Osborne, and the men chatted briefly. Smith invited Osborne to sit inside the car while he waited for Whitehead to return. Smith asked to borrow Osborne's cell phone to call Whitehead. Smith noticed several phone calls had been placed between Osborne and Whitehead just before Smith borrowed the phone to call Whitehead. And, as Smith handed the phone back, it rang. Smith looked at the screen on the cell phone and saw Whitehead's phone number and Whitehead's photograph. Osborne answered the phone and ended the call without "even talk[ing] to" the caller. Osborne then pointed a handgun at Smith, demanded his

---

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004) (citations omitted).

[4] To avoid confusion regarding the two Smiths (Cory Smith – the victim, and Steven Smith – Whitehead's brother), we will hereafter refer to the victim as "Smith" and to Whitehead's brother as "Steven."

shoes, and told him to get out of the car. Osborne drove away in Smith's car.

Smith borrowed a cell phone from a bystander and telephoned the police, describing the vehicle and the person who had taken it. About fifteen minutes after the crimes occurred, officers recovered the car approximately one mile away. The officers drove Smith to the car, where police were detaining two men. Police asked Smith whether he could identify the men. Smith identified the men as Utley and Steven. Utley had been standing near Smith's parked car when it was recovered. Steven had been sitting in the passenger seat of the car and had pointed a handgun at an officer just before the car was recovered. Utley and Steven were arrested.

Smith's friend, Raymone Cook, responded to a phone call from Smith and arrived on the scene. Cook had known Whitehead for five or six years, and had known Osborne for a "[c]ouple [of] years." In an effort "to figure out why this would take place amongst friends," Cook telephoned Whitehead from the scene. When Cook reached Whitehead, he signaled the police, then activated the phone's "speaker" function. An officer and Smith listened to the conversation, and the conversation was recorded. Whitehead identified himself during the conversation. Cook had spoken on the phone with Whitehead perhaps "100 times" before and knew his voice. Smith also recognized Whitehead's voice during the conversation. Cook asked Whitehead what had happened. Whitehead told Cook that "he didn't have anything to do with it, he just set it up"; the context of this statement showed that "it" referred to the car hijacking. The tape of this conversation was played for the jury.

Telephone records for October 2 and 3, 2007 showed ten phone calls between Whitehead and Smith, twenty-five phone calls from Osborne to Whitehead, and fifty-four calls from Whitehead to Osborne on those dates.

OCGA § 16-2-20 (a) provides that every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. OCGA § 16-2-20 further provides, in pertinent part, that a person is concerned in the commission of a crime if he directly commits the crime; intentionally aids or abets in the commission of the crime; or intentionally advises, encourages, hires, counsels, or procures another to commit the crime.[5] Whether a person intentionally aided, advised, encouraged or counseled another to commit the crime is a question for the jury.[6] One may be indicted, convicted and punished for a crime upon proof

---

[5] OCGA § 16-2-20 (b) (1), (3), (4).

[6] *Greene v. State*, 257 Ga. App. 837, 840 (3) (572 SE2d 382) (2002).

that he was a party to the crime, even where the indictment did not specifically allege that he was a party to the crime.[7]

While there is no evidence that Whitehead was physically present during the commission of the crimes, "once a common design is shown by evidence tending to indicate that the individuals have associated themselves together to do an unlawful act, any act done in pursuance of that association by any one of the associates would, in legal contemplation, be the act of each of them."[8]

Here, there was evidence that Whitehead admitted having "set up" the car hijacking; Smith went to the location where the incident occurred, alone and with no cell phone, at Whitehead's direction; Whitehead and Utley were together when Smith picked up Whitehead; Whitehead and Utley rode together to the apartment complex; Whitehead and Osborne communicated frequently around the time the crimes were committed; Whitehead and Osborne were at the same building immediately before the incident; and, shortly after the crimes were committed and about one mile away, Utley was standing near the stolen car and Steven (who had been involved in the disagreement two weeks earlier, and was Whitehead's brother) was inside Smith's car holding a gun.

The evidence was sufficient for a rational finder of fact to find Whitehead guilty beyond a reasonable doubt of the crimes charged.[9]

2. Whitehead contends the armed robbery conviction should have merged with the conviction for hijacking a motor vehicle for sentencing purposes. He argues that, in light of the state prohibition against double jeopardy, particularly OCGA § 16-1-7, he could not be sentenced both for armed robbery and for hijacking a motor vehicle based on the same conduct. This argument has been decided adversely to Whitehead.

The double jeopardy clause of the Georgia Constitution does not prohibit additional punishment for a separate offense which the General Assembly has deemed to warrant separate sanction.[10] Hijacking a motor vehicle in violation of OCGA § 16-5-44.1 (b) is such an offense.[11] "OCGA § 16-5-44.1 (d) expresses the clear legislative intent to impose double punishment for conduct which violates both OCGA § 16-5-44.1 (b) and other criminal statutes."[12] There was no error.

---

[7] *Byrum v. State*, 282 Ga. 608, 609 (2) (652 SE2d 557) (2007).

[8] *Greene*, supra (citation and punctuation omitted).

[9] See *Jamale v. State*, 302 Ga. App. 140, 141-142 (1) (a) (690 SE2d 420) (2010); *Greene*, supra at 840-841 (3).

[10] *Mathis v. State*, 273 Ga. 508, 509 (1) (543 SE2d 712) (2001).

[11] Id. at 510 (1).

[12] Id. (citations omitted).

3. Whitehead argues that trial counsel was ineffective for not raising the merger/double jeopardy issue at sentencing. As discussed in Division 2, separate sentencing for the two offenses was not prohibited. Counsel was not ineffective for failing to raise a meritless complaint.[13]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED MAY 27, 2010.

*Clark & Towne, Jessica R. Towne,* for appellant.
*Daniel J. Porter, District Attorney, Stephen A. Fern, Assistant District Attorney,* for appellee.

---

[13] See *Pierce v. State,* 301 Ga. App. 167, 171 (2) (b) (687 SE2d 185) (2009).