### A10A1240. SINGH v. THE STATE.
(697 SE2d 316)

JOHNSON, Judge.

After a jury trial, Terence Singh was convicted of armed robbery, aggravated assault, hijacking a motor vehicle, and three counts of possessing a firearm during the commission of a felony. Singh appeals, challenging the sufficiency of the evidence. The challenge is without merit, and we therefore affirm Singh's convictions.

> On appeal from a criminal conviction, we construe the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or determine witness credibility, but determine only whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[1]

Construed in favor of the verdicts, the evidence shows that on February 9, 2005, Singh arranged to buy marijuana from Steven Coffee at an apartment complex. Coffee, Sheena Askew, and Felicia Harris drove to the complex in Askew's car. When they arrived at the complex, Singh, Terry Morrison and Jonathan Young were standing in the parking lot. Coffee got out of the car to speak with Singh about the marijuana purchase. Singh and Young then brandished handguns and demanded that Coffee give them the marijuana and the money. Coffee dropped a bag of marijuana on the ground and began running. Singh and Young fired shots at him, and a bullet struck him in the shoulder. Singh and Young pointed their weapons at the women and ordered them to get out of the car. Singh, Morrison, and Young then fled from the scene in the car, taking the marijuana with them.

The crux of Singh's challenge to the sufficiency of this evidence is his claim that there is conflicting testimony as to whether he actually had a gun. However, the appellate courts do not resolve conflicts in trial testimony.[2] Rather, "[a]ny conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is

---

[1] (Citations omitted.) *Rogers v. State*, 302 Ga. App. 65, 66 (1) (690 SE2d 437) (2010).

[2] *Dockery v. State*, 287 Ga. 275, 276 (1) (695 SE2d 599) (2010).

some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict."[3] In this case, there is competent evidence, including the testimony of the victims and Morrison, which not only shows that Singh had a gun, but also supports each fact necessary to make out the state's case. Accordingly, the evidence was sufficient to enable a rational trier of fact to find Singh guilty beyond a reasonable doubt of the crimes for which he was convicted.[4]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED JUNE 30, 2010.

Teresa L. Smith, for appellant.
W. Kendall Wynne, Jr., District Attorney, Layla H. Zon, Assistant District Attorney, for appellee.

---

[3] (Citation omitted.) *Whitehead v. State*, 304 Ga. App. 213, 214 (1) (695 SE2d 729) (2010).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).