A89A1532. HOWARD v. THE STATE.
(386 SE2d 667)

DEEN, Presiding Judge.

Ernest Lee Howard and Dennis Turner were indicted by the grand jury on two counts of armed robbery and two counts of theft by taking for the robberies of two convenience stores. Turner was also indicted on two counts of aggravated assault for threatening and beating the store clerks with a weapon. Turner entered guilty pleas to the charges and testified at Howard's trial. Howard was tried by a jury and found guilty of the offenses with which he was charged.

1. Appellant filed a pretrial motion to exclude the playing of a videotape which showed Turner committing an armed robbery at one of the convenience stores, the assault upon the store clerk, and the victim slowly regaining consciousness from the attack. Howard contends that it was error to permit the jury to view the videotape because it prejudiced the jurors against him.

The State contended that Howard was a party to both crimes as defined in OCGA § 16-2-20 in that he drove the automobile which drove Turner to the crime scene, that the vehicle was used to enable Howard to escape from the crime scene, that the men shared the proceeds of the robbery in that it was used to purchase cocaine which they both ingested, and that Howard had prior knowledge of Turner's plans. As Howard was a party to both crimes, the evidence was relevant and admissible to prove that one of the crimes occurred in the manner alleged.

2. The trial court correctly permitted the State to introduce por-

tions of his codefendant's statement into evidence, which stated that Howard knew Turner was committing robberies and that appellant's role was to drive the getaway car.

At trial Turner testified that Howard did not know beforehand that he was going to commit the armed robberies. In a statement given to the police shortly after his arrest, however, Turner stated that Howard knew before each robbery that he planned to rob the store. A prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is not limited in value only for impeachment purposes, but may also be admitted as substantive evidence. *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982). Moreover, where a party has knowledge of a prior statement which contradicts the testimony just given, the witness may be impeached by the prior inconsistent statement. *Conyers v. State*, 249 Ga. 438, 440 (291 SE2d 709) (1982); *Ranger v. State*, 249 Ga. 315, 318 (290 SE2d 63) (1982); *Jackson v. Ensley*, 168 Ga. App. 822, 825 (310 SE2d 707) (1983).

Testimony that a portion of Turner's statement in which he said that Howard drove the getaway car was also properly admitted as substantive evidence for the reasons stated above and did not invade the province of the jury by determining an ultimate fact in the case. Howard's role in the robberies could be properly determined through this statement which was somewhat contradictory to Turner's testimony at trial.

3. The court charged that "[a] crime is the joint operation between an act or omission to act and intention." Appellant argues that such a charge was error because the case did not involve criminal negligence or omission to act and because the State was proceeding on an aiding and abetting theory.

The language of the charge given is taken directly from OCGA § 16-2-1, and the additional phrase "or criminal negligence" which follows "intention" was deleted from the charge, as it was inapplicable. Appellant cites no authority to support his position that the charge as given was erroneous. We find that the charge was warranted because the jury needed to determine if Howard's actions fell within the legal definition of a crime. It is well established that "a charge citing a code section in its entirety is not error where a portion of the section is applicable so long as it does not appear that the inapplicable part misled the jury." *Davis v. State*, 184 Ga. App. 230, 231 (361 SE2d 229) (1987). We find that any misleading portion of the Code section was deleted and that the charge as given was a correct statement of the law.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

Decided September 5, 1989 —
Rehearing denied September 18, 1989 — 

James C. Wyatt, for appellant.
Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney, for appellee.