A94A0189. ALLISON v. THE STATE.
(444 SE2d 347)

SMITH, Judge.

Kenneth M. Allison appeals his conviction on one count of armed robbery, OCGA § 16-8-41.

1. (a) Allison enumerates as error the trial court's admission of evidence of a similar transaction. The record shows that the trial

court held a pretrial hearing pursuant to Uniform Superior Court Rule 31.3 (B) and *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). The trial court found that the State satisfied the three affirmative showings required under *Williams*. Allison contends that the State failed to show the third part of the *Williams* test: a sufficient connection or similarity between the similar transaction and the crime charged.

The State presented evidence of a similar transaction in Phenix City, Alabama, immediately across the Chattahoochee River from Columbus, Georgia, which was the site of the crime charged. Both incidents involved armed robberies of grocery stores in July 1992. In both cases, the perpetrator, acting alone, robbed the grocery store during the evening hours. He entered a restricted office area and confronted the employee on duty with a black handgun, which he carried in his pants. He also produced a plastic bag from his pants and demanded that the employee give him "only the big bills." He held the bag open, and the employee placed the money in the bag herself. He was "jerking," "jumping around," and nervous. After each robbery, the perpetrator ordered the victim and a second witness to go to the back of the store while he fled on foot.

"Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct *outweighs* its prejudicial impact. . . . There is no requirement that a previous offense be absolutely identical to the one being prosecuted so as to make it admissible." (Emphasis in original; citations and punctuation omitted.) *Dobbs v. State*, 204 Ga. App. 83, 85 (3) (418 SE2d 443) (1992). The numerous points of similarity between these two incidents are more than sufficient to support the trial court's admission of evidence of the Phenix City armed robbery. See, e.g., *Dobbs v. State*, 199 Ga. App. 793, 794-795 (3) (406 SE2d 252) (1991).

(b) Allison contends that State's Exhibit "A," a list of similarities between the two robberies used in the *Williams* hearing, was somehow analogous to the certified copy of conviction impermissibly used to prove a similar transaction in *Stephens v. State*, 261 Ga. 467 (6) (405 SE2d 483) (1991). In *Stephens*, the certified copy of the conviction was the only evidence of the similar transaction introduced at trial. In contrast, the prosecutor here properly stated in his place what he expected the evidence to show at trial; he then presented eyewitnesses to the similar transaction, who identified Allison as the perpetrator. This is precisely the method outlined in *Stephens*. 261 Ga. at 468-469. The State's Exhibit "A" was used for illustrative purposes during the *Williams* hearing only and was not introduced at trial. This contention has no merit.

2. Allison also contends that the trial court erroneously allowed

testimony regarding out-of-court photographic identifications without reviewing the photo line-up or submitting it to the jury. This contention is inaccurate with respect to the photo line-up prepared in connection with the crime charged. It was reviewed by the trial judge and submitted to the jury as State's Exhibit 5. The testimony of the victims of the Phenix City robbery was properly admitted as evidence of a similar transaction, as noted in Division 1 of this opinion. Allison cites no authority in support of his assertion that failure to submit the Phenix City photo line-up to the jury was error. The Georgia courts have never *required* that such evidence be submitted to the jury, although it has been permitted over defendant's objection that it constitutes a "continuing witness." See, e.g., *Parks v. State*, 199 Ga. App. 736, 738 (2) (406 SE2d 229) (1991). There is no requirement that the similar transaction with which Allison is not charged be proved beyond a reasonable doubt. *Dobbs*, supra, 199 Ga. App. at 795. This enumeration is without merit.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 29, 1994 —
RECONSIDERATION DENIED MAY 11, 1994.

*Joseph Wiley, Jr.*, for appellant.
*Douglas C. Pullen, District Attorney, Berry & Shelnutt, J. Mark Shelnutt*, for appellee.