A00A0049. SHUMAN v. THE STATE.
(535 SE2d 526)

SMITH, Judge.

Leavon Shuman, Jr. appeals his convictions for armed robbery, aggravated assault, and possession of a knife during commission of a felony. He enumerates as error the trial court's denial of his motion to strike OCGA § 17-10-7 (b) as unconstitutional, the trial court's charge to the jury that the testimony of a single witness is sufficient

to establish a fact, and the trial court's decision to allow similar transaction evidence. For the reasons that follow, we affirm.

On July 4, 1997, a man robbed the front desk clerk at Villager Lodge in Savannah. He jumped over the counter, held a knife to the clerk's side, and vaulted back over the counter after grabbing bills from the cash register. The robber entered the hotel lobby about ten minutes before the attack and engaged in casual conversation with the clerk.

About 30 minutes after the robbery, a police officer responded to a call that a suspect had been seen in a supermarket near the hotel. The officer found that Shuman fit the description of the clerk's assailant, and the clerk identified Shuman as her attacker when the officer escorted him back to the hotel.

The State produced evidence that Shuman had robbed the desk clerks at Hampton Inn, Fairfield Inn, Econo Lodge, Imperial Suites, Villager Lodge, and Budget Inn, all in Savannah or Chatham County. In five of these incidents, Shuman either jumped over or went around the counter to take cash from the hotel register. In four of the incidents, he threatened the clerk with a weapon. The State produced certified copies of Shuman's convictions in connection with all six incidents.

1. Pursuant to OCGA § 17-10-7 (b), Shuman was sentenced to life imprisonment without the possibility of parole for this armed robbery conviction. Shuman contends that under both the United States and Georgia Constitutions, OCGA § 17-10-7 (b) violates his right to due process and his right to be free from cruel and unusual punishment. Shuman's argument is foreclosed by the Supreme Court of Georgia's decision in *Ortiz v. State*, 266 Ga. 752, 754 (2) (a) (470 SE2d 874) (1996).

2. Shuman assigns error to the following jury charge: "The testimony of a single witness, if believed by you, is generally sufficient to establish a fact." Shuman acknowledges that this is a correct statement of the law. See OCGA § 24-4-8. He contends, however, that the charge is error because it is incomplete. While it is true that there are exceptions to the rule expressed in the charge, such as accomplice testimony or prosecutions for treason and perjury, none of the exceptions apply here. A jury charge can be adjusted to the facts. See *Ceasar v. State*, 239 Ga. App. 752, 753 (2) (521 SE2d 866) (1999); *Howard v. State*, 192 Ga. App. 813, 814 (3) (386 SE2d 667) (1989). The charge given was good law and appropriate to this case. The trial court did not err in giving it.

3. In his final enumeration of error, Shuman complains that the trial court erred by allowing evidence of the six previous hotel robberies. At the pretrial hearing, the trial court ruled that the similar transaction evidence was not offered solely to impugn Shuman's

character, but for the appropriate purposes of showing identity, bent of mind, and course of conduct. The trial court also found that the State could sufficiently prove the prior offenses and that there was a striking similarity between the former offenses and the one on trial. See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Shuman argues that while similar transaction evidence may be allowed to show identity, the trial court was required to weigh the probative value of the evidence against the danger of substantial prejudice. See *Brockman v. State*, 263 Ga. 637, 640 (3) (436 SE2d 316) (1993). Shuman further contends that the trial court must consider whether similar transaction evidence is needed to prove an issue or whether the issue can be proved in another manner. See *Smith v. State*, 232 Ga. App. 290, 293 (1) (501 SE2d 523) (1998). Given that eyewitness testimony provided the State with the evidence of identity, Shuman argues that the prejudice to him of the similar transaction evidence outweighed its probative value because evidence of the six prior crimes and the certified copies of the convictions were duplicative and excessive.

We find Shuman's arguments unpersuasive. We have upheld the introduction into evidence of multiple similar transactions. See, e.g., *Simmons v. State*, 266 Ga. 223, 224 (2) (a) (466 SE2d 205) (1996) (eight instances). And certified copies of convictions are admissible when they are helpful in proving the identity of the defendant as the perpetrator of a similar transaction offense and are not the sole evidence of a previous crime. See *Allison v. State*, 213 Ga. App. 195, 196 (1) (b) (444 SE2d 347) (1994). See also *Culver v. State*, 230 Ga. App. 224, 229 (3) (496 SE2d 292) (1998); *Posey v. State*, 222 Ga. App. 405, 406 (1) (474 SE2d 206) (1996) (physical precedent only).

The similar transaction evidence presented by the State was highly probative. Shuman's defense was identity, and the eyewitness testimony of the clerk provided the only direct evidence of Shuman's identity as the perpetrator. The elements of this crime do not seem unusual at first: a robbery of a hotel clerk in Savannah in which the perpetrator leaps over the counter, uses a knife to threaten the victim, and engages in small talk before the crime. But when this hotel robbery is compared to the six previous hotel robberies committed by Shuman, the similarities in the offenses become so striking as to constitute evidence of a "signature crime." See *Smith v. State*, 235 Ga. App. 134, 139 (4) (508 SE2d 490) (1998); *Shaw v. State*, 211 Ga. App. 647, 648-649 (1) (440 SE2d 245) (1994). The probative value of the similar transaction evidence to show Shuman's identity as the perpetrator of this robbery was increased with evidence of each additional offense; it was not merely cumulative. Therefore, the similar transaction evidence was more probative than prejudicial, and the trial court did not err in allowing it.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JUNE 7, 2000

*Jackson & Schiavone, Michael G. Schiavone*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.