## A09A0243. McGORDON v. THE STATE.
(679 SE2d 743)

ADAMS, Judge.

Todd Emanuel McGordon was convicted by a jury of armed robbery, kidnapping, multiple counts of aggravated assault and possession of a firearm during the commission of a felony.[1] He subsequently entered an *"Alford"* guilty plea to a charge of posses-

---

[1] The trial court merged Count 4 (aggravated assault) with Count 3 (aggravated assault) and Count 6 (aggravated assault) with Count 5 (aggravated assault).

162

sion of a firearm by a convicted felon. He appeals following the denial of his motion and amended motion for new trial.

1. McGordon first contends that his conviction on Count 7 — aggravated assault with intent to rob Shena Goodrem — merged with his conviction on Count 1 — the armed robbery of Shena Goodrem. The State concedes that under the facts of this case and the applicable law, this aggravated assault conviction should have merged with this armed robbery conviction for sentencing. We agree. *Mercer v. State*, 289 Ga. App. 606, 609 (3) (658 SE2d 173) (2008), and cites. Compare *Garibay v. State*, 290 Ga. App. 385, 386-387 (2) (659 SE2d 775) (2008) (armed robbery had been completed when defendant committed a separate aggravated assault by striking the victim in the head with a gun). The sentence imposed for Count 7 is thus vacated and the case remanded for resentencing, with directions to merge Count 7 into Count 1.

2. McGordon also challenges the sufficiency of the evidence to support his conviction for armed robbery. It is undisputed in this case that McGordon's brother, Trabis McGordon, entered an Ingles grocery store located in the Martin's Crossing Shopping Center on July 3, 2006 and committed acts of armed robbery, kidnapping, aggravated assault and possession of a firearm during the commission of a felony. Following the robbery, a witness saw Trabis run through the woods toward the Martin's Crossing Apartment complex, and one of the officers who had been dispatched to the scene drove to the only entrance and exit of the complex. The officer observed a red Monte Carlo attempting to leave the complex and blocked the vehicle's exit. McGordon was driving the vehicle and Trabis was riding as a passenger in the vehicle when they were stopped. The gun used in the robbery, a garbage bag where the money had been placed, the ski mask worn by Trabis during the robbery, and the money taken from the store were found either on Trabis's person or in plain view inside the vehicle.

At trial, Trabis testified and admitted that he committed the armed robbery and that he had entered a guilty plea to various charges associated with the robbery. Trabis also testified that he had told his brother about his intent to commit a robbery earlier in the day and that McGordon tried to talk him out of it. Trabis admitted, however, that McGordon rode with him as he drove by the Ingles several times before the robbery and that McGordon drove him to the scene with knowledge that Trabis was going to commit the robbery. Trabis also testified that he instructed McGordon to park the car at the Martin's Crossing Apartment complex and that he told McGordon he could leave after he parked the car there but that McGordon was sitting on the curb outside the car when Trabis returned after the robbery. Trabis further testified that McGordon

got in the driver's seat and started the car when he instructed McGordon to do so. McGordon then attempted to drive the car out of the complex, although he was stopped by police before he could leave.

McGordon also testified at trial. McGordon testified that he repeatedly tried to talk Trabis out of committing the armed robbery at the Ingles, pointing out to him many reasons why he should not commit the crime. McGordon also had his best friend try and talk Trabis out of committing the robbery. According to McGordon, Trabis drove to the scene, and he did not get into the driver's seat until Trabis got out of the car in the Ingles parking lot. He did admit that after Trabis got out, he drove over to the apartment complex next door, but he said that Trabis told him to go over there and wait because he was going to collect a debt there. He also testified that he knew he should leave but that he stayed because he felt like something bad was going to happen to his brother.

The State argues that this evidence was sufficient to convict McGordon as a party to the crimes charged here under OCGA § 16-2-20 (b) (3). We agree.

> A participant to a crime may be convicted although he is not the person who directly commits the crime. A person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime. Mere presence at the scene is not sufficient to convict one of being a party to a crime, but criminal intent may be inferred from conduct before, during, and after the commission of a crime.

(Footnote omitted.) *Buruca v. State*, 278 Ga. App. 650, 652 (1) (629 SE2d 438) (2006).

Whether McGordon was a party to the crimes charged here was a question for the jury. *Buruca v. State*, 278 Ga. App. at 652 (1). And "[a]lthough [McGordon] offered an innocent explanation for his conduct, the jury was not required to believe it." *Dorsey v. State*, 297 Ga. App. 268, 270 (676 SE2d 890) (2009). Here, construed to support the verdict, the evidence showed that McGordon rode with his brother as he drove by the target location several times, that he switched places with his brother and drove him there, dropping his brother off in the parking lot of the location his brother told him he was planning to rob, that he drove to the getaway location at his brother's instruction, waited there for his brother instead of leaving, re-entered the vehicle when his brother returned with the fruits of his crime as well as the weapon used to commit it, and attempted to drive away. This evidence was sufficient to authorize his conviction

as a party to the crimes charged pursuant to OCGA § 16-2-20 (b) (3). See, e.g., *Bailey v. State*, 295 Ga. App. 480, 482 (1) (672 SE2d 450) (2009); *Buruca v. State*, 278 Ga. App. at 652 (1); *Cantrell v. State*, 230 Ga. App. 693, 695 (1) (498 SE2d 90) (1998).

*Judgment affirmed, sentence vacated in part and case remanded for resentencing. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JUNE 2, 2009.

Todd E. McGordon, *pro se*.

W. Kendall Wynne, Jr., District Attorney, Melanie M. Bell, Assistant District Attorney, for appellee.