## A11A0852. NORMAN v. THE STATE.

(716 SE2d 805)

DILLARD, Judge.

Following a bench trial, Marlon Ray Norman was convicted of four counts each of armed robbery and possession of a firearm during the commission of a crime.[1] On appeal, Norman's sole enumeration of error is that the evidence was insufficient to support these convictions. For the reasons noted infra, we affirm.

Viewed in the light most favorable to the trial court's guilty verdict,[2] the record shows that on the evening of November 23, 2001, Norman drove two men to a game room in McDuffie County and waited in the car as the men, with guns drawn, ordered the operator and a customer to get down on the floor. One of the men remained up front with his gun pointed at the operator while the other went to the back of the establishment, where various patrons were playing video-poker machines. Among the customers in this back room was Ann Ross, the operator's granddaughter. The gunman in the front room commanded the operator to fill a bag with all of the money inside the front desk, which amounted to an estimated $3,600 in cash and checks. The customer who was in the front managed to sneak out of the establishment and called 911.

Meanwhile, in the back room, the other perpetrator—while waving his gun—demanded money from the customers. One customer handed over $150 and another gave the gunman what amounted to less than $10. A third customer refused to part with his cash and was struck on the head with the handgun, leaving "a big hole in the back of his head." At some point, the gunman in the back room also fired his weapon into the roof. The gunmen then fled from the game room with their loot in tow.

A little more than one week later, on December 1, 2001, Norman again drove to another game room in McDuffie County. The operator of this establishment was aware of the robbery that had occurred the week before and was immediately suspicious of the two approaching individuals; however, they entered the establishment before she could lock the door. As with the previous robbery, guns were immediately drawn, and the three people in the game room were told to hit the floor. The operator was then ordered to fill a bag with money, but the gunmen were displeased with the amount of cash kept inside the counter (approximately $1,000). Consequently, the operator was forced at gunpoint to open each video-poker machine to

---

[1] Norman was also convicted of four counts of aggravated assault, but these convictions merged with the armed-robbery convictions at sentencing.

[2] See *Joiner v. State*, 299 Ga. App. 300, 300 (682 SE2d 381) (2009).

retrieve the money from inside. Then, as the gunmen fled into the parking lot, one of the robbery victims followed them outside and shot one of the perpetrators. Police arrived a short time later and apprehended the gunman who was shot, but Norman and the other perpetrator had already left the scene.

Although it is unclear from the record how exactly law enforcement came to identify the persons involved in the robberies, various individuals were eventually indicted.[3] Among those individuals were Ann Ross, who provided information to the robbers; Amos Sanders, who was one of the gunmen in both robberies; and the appellant, Marlon Norman, who drove the getaway car. During the investigation, each of these individuals gave statements to law enforcement; and Ross and Sanders pled guilty to the charges against them. Both Ross and Sanders also testified at Norman's trial, at which he was found guilty of the aforementioned charges as a party to the crimes. This appeal by Norman follows.[4]

At the outset, we note that after a criminal has been convicted, "the evidence must be construed in a light most favorable to the verdict and [Norman] no longer enjoys a presumption of innocence."[5] And in evaluating the sufficiency of the evidence, "we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt."[6]

On appeal, Norman contends that there was insufficient evidence to convict him of armed robbery[7] and possession of a firearm during the commission of a crime[8] as a party to those crimes. We disagree.

Pursuant to OCGA § 16-2-20, "[e]very person concerned in the commission of a crime is a party thereto and may be charged with

---

[3] Two indictments were issued for the separate incidents, but the cases were consolidated for trial.

[4] Norman was granted an out-of-time appeal by the trial court.

[5] *Joiner*, 299 Ga. App. at 300 (citation, footnote and punctuation omitted).

[6] *Id.* (citation and footnote omitted); *see also Martin v. State*, 305 Ga. App. 764, 765 (700 SE2d 871) (2010) ("[A]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the finder of fact's verdict will be upheld." (citation and punctuation omitted)).

[7] *See* OCGA § 16-8-41 (a) ("A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon.").

[8] *See* OCGA § 16-11-106 (b) (1), (5) ("Any person who shall have on or within arm's reach of his or her person a firearm . . . during the commission of, or the attempt to commit[ ] . . . [a]ny crime against or involving the person of another . . . and which crime is a felony, commits a felony and, upon conviction thereof, shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received.").

and convicted of commission of the crime."[9] And a person is "concerned in the commission of a crime" if he intentionally aids or abets in the commission or intentionally "advises, encourages, hires, counsels, or procures another to commit the crime."[10] Indeed, "once a common design is shown by evidence tending to indicate that the [perpetrators] have associated themselves together to do an unlawful act, any act done in pursuance of that association by any one of the associates would ... be the act of each of them."[11] Furthermore, "criminal intent may be inferred from conduct before, during, and after the commission of a crime."[12]

Here, it was undisputed at trial that Norman drove the getaway vehicle in both of the robberies. And while Ross and Amos testified that Norman had no knowledge that the game rooms were going to be or had been robbed by the gunmen he transported, their testimony was impeached by their prior inconsistent statements to law enforcement, in which both explained Norman's role in planning the robberies and his participation in dividing the stolen money.[13] It was also undisputed that on the day of the first robbery, Norman called Ross to inquire as to how many customers were present in the game room; and on the day of the second robbery, Ross placed numerous calls to that game room to inquire as to same.[14] Additionally, the State introduced the testimony of a law-enforcement officer to whom Norman admitted to helping plan the robberies, driving the getaway vehicle, and participating in the division of the proceeds. Norman's account was almost identical to the accounts given by Ross and Amos immediately following their arrests, despite their altered statements

---

[9] OCGA § 16-2-20 (a).

[10] OCGA § 16-2-20 (b) (3), (4); *see also Whitehead v. State*, 304 Ga. App. 213, 215-16 (1) (695 SE2d 729) (2010) ("One may be indicted, convicted and punished for a crime upon proof that he was a party to the crime, even where the indictment did not specifically allege that he was a party to the crime." (footnote omitted)).

[11] *Whitehead*, 304 Ga. App. at 216 (1) (footnote omitted).

[12] *McGordon v. State*, 298 Ga. App. 161, 163 (2) (679 SE2d 743) (2009) (citation and punctuation omitted); *see also Valentine v. State*, 301 Ga. App. 630, 632 (689 SE2d 76) (2009) ("If the defendant had knowledge of the intended crime and shared in the criminal intent of the principal actor, he is an aider and abettor." (citation and punctuation omitted)).

[13] *See Howard v. State*, 192 Ga. App. 813, 814 (2) (386 SE2d 667) (1989) (defendant properly convicted as party to crime of armed robbery when co-defendant testified at trial that defendant drove getaway vehicle but had no knowledge of crime and State impeached co-defendant with contradictory statement that was made to law enforcement shortly after commission); *see also Sherrer v. State*, 289 Ga. App. 156, 160 (2) (656 SE2d 258) (2008) (holding that despite testimony to the contrary by co-defendant, "the jury was entitled to believe [his] prior inconsistent statements showing that [the appellant] and [he] were jointly engaged" in the crime for which the appellant was convicted (citation omitted)).

[14] *See Navarrete v. State*, 283 Ga. 156, 158 (1) (656 SE2d 814) (2008) ("[C]riminal intent may be inferred from presence, companionship, and conduct before, during and after the offense." (citations and punctuation omitted)).

on the day of trial.[15]

Given the foregoing, the trial court was presented with sufficient evidence to convict Norman of armed robbery and possession of a firearm during the commission of a crime as a party to those crimes by aiding and abetting.[16] Accordingly, we affirm Norman's convictions.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 20, 2011.

*Harold W. Wallace III*, for appellant.

*Dennis C. Sanders, District Attorney, Durwood R. Davis, Kevin R. Majeska, Assistant District Attorneys*, for appellee.

---

[15] *See Lucky v. State*, 286 Ga. 478, 480 (1) (689 SE2d 825) (2010) ("The State's evidence implicating appellant, including appellant's statements to law enforcement officers, was not limited to the testimony of [the] co-defendant . . . and showed appellant was a party to the crimes in that he intentionally aided and abetted the commission of the crimes and intentionally advised, encouraged, and counseled another to commit the crimes." (citation omitted)).

[16] *See, e.g., Dorsey v. State*, 297 Ga. App. 268, 270 (676 SE2d 890) (2009) (holding that evidence was sufficient to convict defendant as a party to the crime of armed robbery when "there was evidence that [he] discussed robbing the store, drove [others] there, and parked the car outside the lot for a quick getaway"); *Victrum v. State*, 203 Ga. App. 377, 379-80 (3) (416 SE2d 740) (1992) (upholding conviction as party to the crime of possessing a firearm during the commission of a crime when co-defendant was within arm's reach of firearms). *Compare Ratana v. State*, 297 Ga. App. 747, 750 (678 SE2d 193) (2009) ("[D]riving a criminal perpetrator away from a crime scene with knowledge that he has committed the crime does not, in and of itself, render one guilty as a party to the crime . . . ." (footnote omitted)).