# Court of Appeals
# of the State of Georgia

ATLANTA,　September 13, 2018

*The Court of Appeals hereby passes the following order:*

## A19A0269. MARLON NORMAN v. THE STATE.

In 2002, a jury convicted Marlon Norman of, inter alia, three counts of armed robbery against three different victims. He was sentenced to consecutive terms of twenty years for each count of armed robbery. We affirmed his convictions on appeal. See *Norman v. State*, 311 Ga. App. 721 (716 SE2d 805) (2011). Thereafter, in 2018, Norman filed a motion to correct an illegal and void sentence, alleging that his consecutive sentences for armed robbery are barred because the trial court should have merged two of the counts with the third pursuant to OCGA § 16-1-7 (a) (1), which prohibits conviction for multiple crimes if one crime is included in the other. The trial court denied the motion, and Norman filed this direct appeal.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Norman's merger claim is a challenge to his convictions, not his sentences, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (holding that a claim of failure to merge a conviction under OCGA § 16-1-7 is a challenge to a defendant's conviction and not

a valid void-sentence claim). To the extent that Norman challenges his sentences, his sentences for armed robbery do not exceed the most severe punishment allowed, as armed robbery is punishable by ten to twenty years' imprisonment or life in prison. OCGA § 16-8-41 (b). And Georgia law recognizes the authority of a judge to impose consecutive sentences for armed robberies against different victims. See *Rooney v. State*, 287 Ga. 1, 2-6 (2), (3) (690 SE2d 804) (2010) (recognizing that, while an attack on a sentence as unlawfully consecutive may be made via a motion to vacate a void sentence, a trial court has discretion to impose consecutive or concurrent sentences for multiple offenses as long as the sentence for each offense is within the statutory limits); *Green v. State*, 265 Ga. App. 126, 128 (2) (592 SE2d 901) (2004) (affirming trial court's denial of defendant's motion to vacate and correct his consecutive sentences for armed robbery when two victims were robbed).

Because Norman has not raised a valid void-sentence claim, we lack jurisdiction to consider this direct appeal. See *Harper*, 286 Ga. at 218 (2). Accordingly, it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,  09/13/2018*
　　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ *, Clerk.*